Hattie B. HUNTER and Albert Jones, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. C–76–350 AJZ.

United States District Court, N. D. California.

June 30, 1976.

Fisher, Bernstein & Barde, Louis M. Bernstein, Lafayette, Cal., for plaintiffs.

James L. Browning, Jr., U. S. Atty., Richard Locke, Asst. U. S. Atty., San Francisco, Cal., for defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

ZIRPOLI, District Judge.

This is a suit for wrongful death brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* The United States has filed a motion to dismiss or for summary judgment based on plaintiffs' alleged failure to comply with the administrative claim requirements of 28 U.S.C. § 2675(a).[1]

By letter dated January 20, 1975, plaintiffs' attorney presented plaintiffs' claim

---

1. Section 2675(a) provides:

    An action shall not be instituted upon a claim against the United States for money damages for . . . death caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . .

    This requirement is jurisdictional and may not be waived. *Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971).

for $200,000 to the San Francisco Regional Office of the Veterans Administration. The claim alleged that plaintiffs' son died as a result of defendant's negligence in diagnosing and treating his diabetes. By letter dated August 19, 1975, the Acting Regional Counsel of the Veterans Administration denied plaintiffs' claim on the ground that there was no negligence involved in their son's death. This lawsuit followed.

Defendant contends that the administrative claim filed in plaintiffs' behalf was invalid and that therefore this court may not entertain plaintiffs' lawsuit. First, defendant contends that the claim was invalid because it was not signed by plaintiffs but only by plaintiffs' attorney. However, defendant has cited no regulation requiring the signature of the claimant in addition to that of the legal representative presenting the claim in the claimants' behalf. Nor does *Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971), stand for such a proposition. In *Bialowas* the claimant himself submitted an incomplete and unsigned form. The defects in the form were not remedied even after defendant called these defects to plaintiff's attention. Accordingly, the court held that no administrative claim had been filed and that a district court suit could not be maintained. In the case at bar the claim was filed and signed by plaintiffs' attorney acting in their behalf. Plaintiffs' failure to add their signatures to that of their attorney does not render the claim invalid.

Defendant next contends that plaintiffs' administrative claim is invalid because it failed to comply with the requirement of 28 C.F.R. section 14.3(e) that a claim presented by a legal representative of the claimant be accompanied by evidence of his or her authority to act on behalf of the claimant. At least one court has interpreted this regulation as requiring some form of documentary evidence attached to the claim. *Commonwealth of Pennsylvania v. National Association of Flood Insurers*, 520 F.2d 11, 23 (3d Cir. 1975) (dictum). In the instant case no such documentary evidence accompanied plaintiffs' claim. Instead the claim simply stated that "I represent the claimants who are the parents and sole surviving heirs of decedent." Defendant's Exh. 1. It is therefore apparent that section 14.3(e) has not been complied with in full.

Despite plaintiff's failure to strictly comply with the requirements of 28 C.F.R. section 14.3(e), the court is not persuaded that this technical defect rendered plaintiffs' claim invalid and thus deprived this court of jurisdiction. The purpose of requiring exhaustion of administrative remedies is to avoid litigation where a claim can be resolved administratively. *Robinson v. United States Navy*, 342 F.Supp. 381 (E.D.Pa.1972). In the instant case the Veterans Administration processed plaintiffs' claim and denied it on the merits. There is absolutely no indication in the letter denying plaintiffs' claim that the agency was in any way hampered by the technical deficiency present in plaintiffs' claim. Nor was this deficiency called to plaintiffs' attention so that the defect could be remedied. Defendant's Exh. 2. The court therefore concludes that this technical defect in the claim does not deprive the court of jurisdiction.

The cases cited by defendant do not compel a contrary conclusion. In *Gunstream v. United States*, 307 F.Supp. 366 (C.D.Cal. 1969), plaintiffs attempted to file a claim in behalf of their injured son without indicating whether or not their son was a minor. Plaintiffs were informed by the administrative agency that they could file a claim in their son's behalf only if he was a minor and only if the claim indicated that plaintiffs were filing the claim in their representative capacity as their son's parents and natural guardians. When plaintiffs failed to remedy the defect in their claim the court held that the administrative claim was invalid and that the court lacked jurisdiction over the suit. In *Commonwealth of Pennsylvania v. National Association of Flood Insurers*, 378 F.Supp. 1339 (M.D.Pa. 1974), aff'd in part and rev'd on other grounds, 520 F.2d 11 (3d Cir. 1975), the State of Pennsylvania attempted to file a class claim on behalf of its citizens. Al-

though the claim was filed by an Insurance Commissioner on his official stationery, the court held that the requirements of 28 C.F.R. § 14.3(e) had not been complied with because the Commissioner failed to submit any documentary or statutory evidence showing that he was authorized to proceed in behalf of individual citizens. However, a prime issue in the case was whether such class claims were permissible under the Federal Tort Claims Act. Thus while the case seems to support defendant's contention that a claim must comply with section 14.3(e), the facts of that case render it distinguishable from the case at bar. In the instant case, there is no serious challenge to the authority of plaintiffs' attorney to represent them.

The other cases cited by defendant are likewise inapposite to the case at bar. Each involved a situation in which the plaintiff failed to provide information necessary to enable the administrative agency to process the claim. Further, in many of these cases the agency informed the claimant that the claim was defective and the claimant took no steps to correct the claim. *See, e. g., Bialowas v. United States, supra; Hlavac v. United States*, 356 F.Supp. 1274 (N.D.Ill. 1972); *Robinson v. United States Navy, supra; Gunstream v. United States, supra.* These cases therefore lend little support to defendant's argument.

In light of the underlying purpose of the requirement that a claimant exhaust administrative remedies before filing suit under the Federal Tort Claims Act, and in light of plaintiffs' compliance with that requirement through the filing of an administrative claim which was denied on the merits, the court does not believe that a technical deficiency in the claim which was neither brought to plaintiffs' attention nor in any way hampered defendant in evaluating plaintiffs' claim should be construed as invalidating the administrative claim. Accordingly, the court declines to grant defendant's motion on the ground that plaintiffs failed to comply with 28 C.F.R. § 14.3(e).

Defendant's final argument is more persuasive, however. On January 30, 1975, Ralph F. Maxwell, District Counsel to the Veterans Administration, wrote to plaintiffs' counsel, acknowledged receipt of plaintiffs' claim, and informed counsel that each claimant would be required to complete a Form 95 in order to perfect the claim. Defendant's Exh. 3. Copies of Form 95 were enclosed. Ms. Hunter, decedent's mother, completed the form and returned it to the Veterans Administration.[2] However, Albert Jones, decedent's father, did not. The court concludes that Jones' failure to complete the Form 95 as requested by the Veterans Administration constituted a failure to file an adequate administrative claim as required by 28 U.S.C. section 2675(a). His claim against the United States must therefore be dismissed.

IT IS THEREFORE ORDERED that defendant's motion to dismiss or in the alternative for summary judgment is denied with respect to plaintiff Hattie B. Hunter.

IT IS FURTHER ORDERED that defendant's motion to dismiss or in the alternative for summary judgment is granted with respect to plaintiff Albert Jones.

---

2. The United States makes much of Ms. Hunter's apparent attempt to "backdate" her Form 95 by indicating that the date of claim was January 20, 1975, when in fact the Form 95 was not even sent to plaintiff's counsel until January 30, 1975. However, the court is persuaded that the date of January 20, 1975, filled in by plaintiff in the box designated "Date of Claim" simply refers to the date on which plaintiffs' claim was first filed. It is not an attempt to backdate the Form 95 in order to avoid the statute of limitations. The statute of limitations was tolled by the letter dated January 20, 1975, in which plaintiffs first asserted their claim.