Linda FOREST, General Guardian for
Constance Hoecker, a minor; and
James Hoecker, Plaintiffs,

v.

The UNITED STATES of America;
Strand Aviation, Inc.; and Clifford D.
Pemper, personal representative of the
estate of Michael S. Pemper, deceased,
Defendants.

No. CV–81–16–M.

United States District Court,
D. Montana,
Missoula Division.

April 5, 1982.

Jack K. Clapper, San Francisco, Cal., for Linda Forest.

David Astle, Astle & Astle, Kalispell, Mont., for James Hoecker.

H. James Oleson, Kalispell, Mont., for Clifford Pemper.

Boone, Karlberg & Haddon, Missoula, Mont., for Strand Aviation.

Gary W. Allen, Asst. Dir., Tort Branch, Civil Division, U. S. Dept. of Justice, Washington, D. C., for United States.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

This action arises out of the crash of a Piper Cherokee aircraft near Kalispell, Montana on or about January 10, 1980. Plaintiffs allege in their complaint that the Federal Aviation Administration misdirected the aircraft into the side of a mountain. Rudolph B. Hoecker was on board the aircraft and was killed in the crash.

Plaintiffs in this action are Linda Forest, the decedent's sister, and the decedent's children, James and Constance Hoecker. Mrs. Forest brings this action individually and as guardian of Constance Hoecker, a minor. James Hoecker is 18 years old and brings suit on his own behalf.

Named as defendants are the United States of America, Strand Aviation, Inc., and Clifford D. Pemper as personal representative of the estate of Michael S. Pemper. The latter individual was employed by Strand Aviation, Inc. and was piloting the aircraft when it crashed.

1. 28 U.S.C. § 1346(b) states:
   Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or

The action against the United States is brought under the Federal Tort Claims Act [hereafter "FTCA"], 28 U.S.C. §§ 2671 et seq. Jurisdiction over the United States vests in this court pursuant to 28 U.S.C. § 1346(b).[1] Jurisdiction over the remaining causes of action exists via diversity of citizenship. 28 U.S.C. § 1332. Plaintiffs are citizens and residents of the State of California, while the defendants Clifford D. Pemper and Strand Aviation, Inc. are citizens and residents of the State of Montana. The amount in controversy, exclusive of interest and costs, exceeds $10,000.

## I.  FACTUAL BACKGROUND

On or about January 10, 1980, the decedent, Rudolph B. Hoecker was a passenger in an aircraft piloted by Michael S. Pemper. Due to the alleged negligence of the defendants, the aircraft crashed into a mountain approximately 6.5 miles northeast of Kalispell, Montana. Four of the passengers, including Rudolph B. Hoecker, were killed.

An administrative claim was presented by the plaintiffs via their attorney, Jack K. Clapper, on June 18, 1980, and was received by the Federal Aviation Administration on June 24, 1980. The claim was submitted pursuant to 28 U.S.C. § 2401(b), and 28 U.S.C. § 2675(a), infra. Thereafter, an attorney for the Federal Aviation Administration requested proof that Mr. Clapper was authorized to represent Mrs. Forest. Mrs. Forest responded by submitting to the Federal Aviation Administration a signed authorization delineating the authority of Mr. Clapper's law firm to act on her behalf. That authorization, dated October 6, 1980, states:

loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

TO WHOM IT MAY CONCERN:

This is to confirm that the Law Offices of Gerald C. Sterns has been retained by me. They are authorized to act on my behalf concerning the wrongful death of Rudy Hoecker in an airplane crash near Kalispell, Montana on or about January 10, 1980. Please supply them with any information they request regarding said accident.

Sincerely,

(Mrs.) Linda Forest

October 6, 1980

An affidavit submitted by Mr. Clapper with respect to the pending motion states that the Federal Aviation Administration did not request similar proof of his authority to act on behalf of the other claimants.

The Federal Aviation Administration did not expressly deny the claim presented by the plaintiffs; it was deemed denied by operation of law six months after it was filed. 28 U.S.C. § 2675(a).

Defendant United States now moves the court to dismiss this action for failure of the plaintiffs to comply with the administrative regulations pertaining to proper submission of administrative claims as required by the FTCA. Specifically, the United States contends that the plaintiffs have failed to comply with 28 C.F.R. § 14.3(e), *infra*, in that no proof of either Mrs. Forest's authority to act as guardian on behalf of Constance Hoecker, or of Mr. Clapper's authority to act as legal representative of James Hoecker, was submitted to the Federal Aviation Administration. The United States also moves to dismiss on

ounds that the plaintiffs have failed to comply with the venue requirements imposed by 28 U.S.C. § 1402(b).

## II. DISCUSSION

### A. *Administrative Claim Requirements*

It is well-settled that the United States may not be sued without its express consent. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). The FTCA is a limited waiver of the sovereign immunity of the United States. Under the FTCA, a person may not sue the United States unless a claim has first been submitted to the appropriate federal agency. 28 U.S.C. § 2675(a).[2] This administrative claim requirement is jurisdictional in nature and cannot be waived. *House v. Mine Safety Appliances Co.*, 573 F.2d 609, 614 (9th Cir. 1978), *citing Blain v. United States*, 552 F.2d 289 (9th Cir. 1977). The administrative claim must be presented in writing to the federal agency within two years after the claim accrues, or is forever barred. 28 U.S.C. § 2401(b).[3] A claim is deemed presented when the agency receives from the claimant, his agent, or legal representative a Standard Form 95 or other written notification of an incident, together with a claim for money damages in a sum certain for injury or death alleged to have occurred by reason of the incident. 28 C.F.R. § 14.2(a).

The pertinent regulation involved in this case is 28 C.F.R. § 14.3(e), which states:

(e) A claim presented by an agent or legal representative shall be presented in

---

**2.** 28 U.S.C. § 2675(a) states:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this

section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

**3.** 28 U.S.C. § 2401(b) states:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

the name of the claimant, be signed by the agent or legal representative, show the title or legal capacity of the person signing, and be accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

As noted previously, no evidence of authority was presented to the Federal Aviation Administration by Mrs. Forest to act on behalf of Constance Hoecker, or by Mr. Clapper to act as legal representative for James Hoecker.

■■■ In reaching the merits of the defendants' motion to dismiss for failure to comply with 28 C.F.R. § 14.3(e), it is helpful to consider the purpose of the administrative claim requirements. The function of 28 U.S.C. § 2401(b) and § 2675(a) is to provide "for more fair and equitable treatment of private individuals when they . . . are involved in litigation with their government." S.Rep.1327 reprinted in 2 U.S.Code Cong. & Admin.News 2515–16 (1966). It is the opinion of this court that this case is one where "the technical procedures of the Tort Claims Act must give way to the clear demands of justice." *Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508, 516 n.4 (6th Cir. 1974). The fact that the administrative claim requirement is jurisdictional in nature should not preclude consideration by this court of equitable factors. In *House v. Mine Safety Appliances Co., supra*, a case relied on by the United States, the Ninth Circuit acknowledged that where "unusual or extenuating circumstances" exist, technical and literal compliance with the administrative claim requirements may be excused. *Id.* at 618. In this case, the court perceives the presence of extenuating circumstances which compel it to "soften its vigor." *Id.*

It is clear that no evidence of authority was submitted by Mrs. Forest to act as guardian on behalf of Constance Hoecker. However, this court is unwilling to "permit the United States to stand on technicalities once a claim has been filed," especially when "the rights of children are involved and inequity would result." *Locke v. United States*, 351 F.Supp. 185, 187 (D.Haw. 1972). In *Locke*, the decedent died while undergoing treatment in a hospital. Her husband brought suit under the FTCA on behalf of himself and as next friend of his three minor daughters, alleging negligence on the part of the hospital. Prior to initiating the suit, the husband filed an administrative claim with the appropriate federal agency. He listed only himself as claimant; no reference to the minor children was made in the claim. The United States moved to dismiss as far as the minor children were concerned based upon 28 C.F.R. § 14.3(e). In denying the motion, the court stated: "[W]e believe that the restrictive language of regulation 14.3(e) which refers specifically to an 'agent or legal representative' does not require the claims on behalf of decedent and of the minor children, to be rejected for failure to comply with the Federal Tort Claims Act." *Locke v. United States, supra*, 351 F.Supp. at 188. Other cases have upheld technically deficient claims submitted to a federal agency when to require literal compliance with the administrative claim requirements would impair the rights of minor children. *See, Stokes v. United States*, 444 F.2d 69 (4th Cir. 1971); *Young v. United States*, 372 F.Supp. 736 (S.D.Ga.1974).

This court is persuaded by the need to protect the rights of minor children as demonstrated in the preceding cases, and therefore holds that the failure by Mrs. Forest to submit to the Federal Aviation Administration evidence of her authority to act as guardian of Constance Hoecker, as required by 28 C.F.R. § 14.3(e), presents an "extenuating circumstance" sufficient to excuse literal compliance with the administrative claim requirements of 28 U.S.C. §§ 2401(b), 2675(a), and applicable regulations. *House v. Mine Safety Appliances Co., supra*, 573 F.2d at 618. The administrative claim submitted to the Federal Aviation Administration lists Constance Hoecker as a claimant and contains a sum certain for money damages. To dismiss the action brought on behalf of Constance Hoecker against the United States because Mrs. Forest did not

comply with 28 C.F.R. § 14.3(e) would result in inequity. This the court will not do.

■ The United States also moves to dismiss the action brought by James Hoecker because he likewise failed to submit evidence of the authority of Mr. Clapper to act as his legal representative. Once again, the court has considered the equitable overtones of the administrative claim requirement and finds "extenuating circumstances" sufficient to deny this portion of the motion to dismiss.

As noted previously, the affidavit submitted by Mr. Clapper relevant to the pending motion states that while the Federal Aviation Administration requested evidence of his authority to act on behalf of Mrs. Forest, it did not request additional evidence of his authority to act on behalf of the other claimants. The question arises: Why did the United States, acting through the Federal Aviation Administration, request evidence of Mr. Clapper's authority to act as legal representative for Mrs. Forest, but not of his authority to act as legal representative for James Hoecker? It is apparent that the United States is attempting to stand on technicalities in urging the court to dismiss the action brought by James Hoecker for failure to comply with 28 C.F.R. § 14.3(e); it has, however, failed to convince the court that it will be prejudiced by the retention of that action. The administrative claim presented to the Federal Aviation Administration lists James Hoecker as one of the claimants and contains a sum certain for money damages. 28 C.F.R. § 14.2(a). The court can perceive no prejudice to the United States resulting from the failure of James Hoecker to submit evidence of Mr. Clapper's authority to act as his legal representative, especially since such evidence was previously requested from Mrs. Forest, but not from James Hoecker. This court is unwilling to allow the United States to now insist on hypertechnical compliance with 28 C.F.R. § 14.3(e) when, prior to this lawsuit, it was attempting to require the same mode of hypertechnical perfection from some claimants but not from others. This fragmented approach is an "extenuating circumstance" sufficient to justify softening absolute compliance by James Hoecker with 28 C.F.R. § 14.3(e). *House v. Mine Safety Appliances Co., supra,* 573 F.2d at 618. Upon a finding of "extenuating circumstances", and absent a showing of prejudice to the United States, the court denies the United States' motion to dismiss the action brought by James Hoecker.

### B. *Venue*

■ The United States moves to dismiss this action on the grounds that the plaintiffs have failed to comply with the venue requirements of 28 U.S.C. § 1402(b). That provision states:

> Any civil action on a tort claim against the United States under subsection (b) of Section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.

As the statute clearly states, there are two kinds of judicial districts in which a plaintiff may sue the United States under the FTCA. The first is the district "where the plaintiff resides." According to the complaint, the plaintiffs are all citizens and residents of the State of California. Venue is not appropriate on this basis.

The other basis for venue under 28 U.S.C. § 1402(b) is the district "wherein the act or omission complained of occurred." The United States relies on Paragraph VIII of the complaint to support its contention that venue in this court is improper. That paragraph states: "At all times during the aforesaid flight the crew of the aircraft relied on information received from the Salt Lake City Air Route Traffic Control Center." The United States contends that the acts or omissions of the Federal Aviation Administration employees occurred in Utah.

This court disagrees. Taking the allegation in Paragraph VIII of the complaint as true, it is clear that employees of the Federal Aviation Administration transmitted the flight information from Salt Lake City to Montana. However, their conduct did not become "tortious", as alleged by the plain-

tiffs, until the flight information was received by the pilot of the aircraft, thereby allegedly causing him to crash into the mountainside. Thus, the "act or omission complained of" occurred in Montana, and venue lies in this court pursuant to 28 U.S.C. § 1402(b). The motion to dismiss for lack of proper venue is denied.

## III. CONCLUSION AND ORDER

For the reasons set forth in the foregoing discussion, it is HEREBY ORDERED that the motions to dismiss, filed by the United States of America, be, and the same hereby are, DENIED.