**Dora CHAMPAGNE, widow of/and administrator of the estate of Nathan Champagne**

v.

**UNITED STATES of America.**

**Civ. A. No. 82–63.**

United States District Court, E.D. Louisiana.

Oct. 20, 1983.

Ernest V. Richards, IV, Metairie, La., Salvador R. Perricone, Metairie, La., for plaintiff.

Joan Elaine Chauvin, Asst. U.S. Atty., New Orleans, La., for defendant.

McNAMARA, District Judge.

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or for Failure to State a Claim upon which Relief can be Granted came on for hearing on a previous date at which time it was taken under advisement. The various issues raised by this Motion are considered herein.

## 1. FACTS

This suit results from the alleged negligence of the staff of a Veterans Hospital during Nathan J. Champagne's visits in February and March of 1979, which allegedly caused the death of Nathan in July 1979.

Dora Champagne, Nathan's widow, filed notice of her claim with the local Veterans Administration office. After contact with the Veterans Administration District Counsel, a Standard Form (S.F.) 95 setting forth a wrongful death claim in the amount of $1,000,000 was "presented". On this form, the "name of claimant" was listed as "Dora Rome Champagne and children" with a note to see an attached paper. This addendum listed the names of Dora's children and their ages. Only Dora signed the "signature of claimant" blank on the form.

The V.A. District Counsel requested a clarification of the facts concerning the claim. An amended S.F. 95 and later a letter from Dora's attorney, which further described the claim, were sent to the V.A. District Counsel. A letter acknowledging receipt of the amended S.F. 95 and stating that the investigation was to begin, was received by Dora on March 4, 1981. The claim was denied on July 9, 1981, via a letter which also informed Dora's attorney of the right to sue, what law was applicable, when to sue and who to sue. A suit was filed on January 8, 1982 by Dora on her behalf, on behalf of her husband and her children, Brandi, Sidonia, Shannon, Joshua and John.

It should be noted that Delaney and Chaney were both majors at the time of their father's death. Although they were included in the administrative claim, i.e., on the S.F. 98 addendum, they are not involved in this litigation. The remaining children are a part of this suit.

Sidonia, born September 28, 1961, was a minor when her father died but was age eighteen, the legal age of majority, when the administrative claim was filed.

Shannon, Joshua, John and Brandi were minors at the time of their father's death, at the time the administrative claim was filed and at the time this lawsuit was filed.

Subsequent to the filing of this lawsuit, Dora was formally appointed as administratrix of Nathan's succession (July 27, 1983) and formally appointed natural tutrix of Joshua, John, and Brandi (July 15, 1983). Shannon reached the age of majority within a few months after this lawsuit was filed.

Thus, these children are in three different positions. Dora is now the appointed natural tutrix of Joshua, John and Brandi. These children remain minors. Shannon was a minor at the institution of all proceedings, administrative and judicial, but Dora was never formally appointed her tutrix and she is now a major. Sidonia, though a minor when her father died, was a major when the administrative claim was filed.

## 2. FEDERAL TORT CLAIMS ACT—ADMINISTRATIVE CLAIM PREREQUISITE

It is settled law that the United States may not be sued without its consent. The Federal Tort Claims Act (FTCA) is a limited waiver of this sovereign immunity. According to this statute, the United States is liable under State law for the negligence or wrongful acts of its employees acting within the scope of their employment.

The presentation of a claim to the appropriate Federal Agency, in writing, within two years after the claim has accrued, is a prerequisite to a suit under the FTCA. 28 U.S.C. 2675(a). A claim is "presented" when the agency receives the notification from the claimant, his agent, or·legal representative along with a claim for damages in a sum certain. This presentation requirement of the statute is a jurisdictional prerequisite to a later lawsuit.

28 C.F.R. 14.3(e) states that "a claim presented by an agent or legal representative shall be presented in the name of the claimant, be signed by the agent or legal representative, showing the title or legal capacity of the person signing, and be accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative."

■ The requirements of the statute and the requirements of the regulations should be distinguished. *Apollo v. U.S.*, 451 F.Supp. 137 (Pa.1978). Although the administrative claim submission requirement is jurisdictional and cannot be waived, the technical and procedural requirements of the regulations are not always strictly enforced.

■ Regulation 14.3(e) was promulgated pursuant to 28 U.S.C. 2672 which deals with the authority of agencies to settle claims. It is not an interpretation of 28 U.S.C. 2675(a), the jurisdictional section. Therefore, it is not a jurisdictional requirement and literal compliance with regulation 14.3(e) is not necessary for the adequate presentation of a claim under the statute. *Graves v. U.S. Coast Guard*, 692 F.2d 71 (9th Cir.1982). Citing *Avery v. U.S.*, 680 F.2d 608 (9th Cir.1982).

The statutory requirement of presentation of an administrative claim has a remedial purpose, the fair and equitable treatment of private individuals. The expansion of administrative authority to settle claims was intended to allow potential plaintiffs to avoid the need for "expensive and cumbersome" litigation. *Locke v. U.S.*, 351 F.Supp. 185 (Haw.1972). Due to this policy, when "unusual or extenuating circumstances" exist, technical and literal compliance with the administrative claim requirements may be excused. *Forest v. U.S.*, 539 F.Supp. 171 (Mont.1982).

### (A) *Shannon, Joshua, John & Brandi*

Shannon, Joshua, John and Brandi were minors at the time the administrative claim was filed. Under Louisiana law, Dora was the proper representative of these children.

■ The purpose behind Louisiana laws dealing with the rights of minors is the conservation of the minors estate. When a father dies, the mother must serve as administratrix of the childrens' estate until she or a third person is appointed tutrix. Until that appointment, the mother, in her capacity as administratrix, may timely file

a suit for the benefit of her minor son. *Cacibauda v. Gaiennie*, 305 So.2d 572 (4th Cir.La.App.1974). Thus, Dora, as administratrix, had authority to bring this administrative claim on behalf of her minor children.

■ These minor children were listed as complainants on the S.F. 95, but there was no evidence of Dora's authority to present any claim on their behalf in her capacity as a parent, a guardian, or an administratrix. Thus, Regulation 14.3(e) was not strictly followed by Dora.

As mentioned before, the courts do not always require literal compliance with regulations. This is especially true when the rights of minors are involved.

In the *Forest* case, supra, there was no evidence of the authority of a decedent's sister to act as guardian for his daughter. That court held that the need to protect the rights of minor children presented an extenuating circumstance sufficient to excuse literal compliance with the regulations. As in the instant case, the minor was listed as a claimant and a sum certain was stated.

In the *Locke* case, supra, a husband brought a wrongful death suit for himself as executor of his wife's estate and as the "next friend" of his three minor daughters. However, in his administrative claim only he was listed as the claimant and only he signed the form submitted. Due to the policy and legislative history of the statute, the court refused to allow the United States to "stand on technicalities" after a claim was filed, especially when childrens' rights were involved and any inequality would result.

That court found that the United States had actual notice of disputed claims since the amount of the claim, $250,000.00, implied more than just a claim for loss of consortium by a husband. The court felt that the United States would have learned of the others involved in the claim had it tried to settle with Mr. Locke. Yet, two years passed without any such attempt. The court also criticized the preferred official form for its "most fleeting reference to

actions based upon death", its lack of any reference to dependents, and its general brevity.

Despite the fact that the childrens' names were not listed on the administrative claim submitted, the *Locke* court found that the submitted claim provided notice and named a figure that might form the basis for settlement negotiations and that this fulfilled the statutory requirements.

Defendant cites the case of *Caidin v. United States*, 564 F.2d 284 (9th Cir.1977) which involved a class action for property damage resulting from violations of banking laws. The claimant presented no evidence of authority to sue on behalf of the class.

The facts in this case are easily distinguishable from those of the instant case. Additionally, there was no policy favoring minor children involved in the *Caidin* matter. The *Caidin* court correctly referred to the policy of facilitating settlement behind the administrative claim requirement. The purpose of the regulation requiring evidence of authority was so as not to impede negotiations in settlement. In the instant case, this policy was not deterred. The government was clearly aware of the claims of the children.

In the instant case, the children were listed as complainants in the administrative claim filed although they did not sign the form. Their *mother*, also a claimant, signed the form. A later letter from Dora's attorney discussed the support given to the children by the decedent. There appears to have been constant communication between Dora's attorney and the V.A. District Counsel. Additional information regarding the claim was promptly supplied when requested by the government. The government processed and denied this claim without ever once mentioning the defect or any problems that could have resulted from it.

These facts, stronger than either of the previously cited cases, along with the strong policy of protecting the rights of minors, mandate the finding that the administrative claim filed for the benefit of

Shannon, Joshua, John and Brandi fulfilled the "presentation of an administrative claim" prerequisite to suit under the FTCA.

**(B) *Sidonia***

 Although Sidonia was seventeen years old when her father died, she was a major at the time the administrative claim in question was filed. Thus, Dora had no legal authority, as parent, guardian, tutrix, or administratrix, to file a claim on her behalf at that time.

Although Sidonia did not sign the S.F. 95 which was submitted, she was listed as a claimant. Neither the statute nor the regulations specifically require a separate form for each claimant.

As an adult, the policy of protection of the rights of minors does not apply to Sidonia. However, the other factors, considered by those courts in cases involving minors, may be analogous.

As in the cases previously cited, the government was obviously on notice of Sidonia's claim and despite continued communication between the two attorneys involved, never once did the agency hint that the form was faulty or defective in any way.

Some courts have dismissed claims by adults who did not file their own administrative claim. However, these cases are not controlling on this Court and are distinguishable on their facts.

In *Gunstream v. U.S.*, 307 F.Supp. 366 (Ca.1969), the governmental agency had informed the parents who filed a claim for injuries to their son, that if the child was a minor, evidence of authority was necessary and if the child were a major, he must file his own claim. The court dismissed the claim because it was never amended to cure the defects warned of AND because there was no sum certain stated.

In the instant case, Sidonia was listed as a claimant, a sum certain was expressed, and the agency never informed anyone involved of the need for either a separate claim by Sidonia or Sidonia's signature.

In *Estate of Santos v. U.S.*, 525 F.Supp. 982 (P.R.1981), the court held that each heir must file an individual claim unless one is legally entitled to represent and act on behalf of the others.

Unlike the other heirs in the *Santos* case, Sidonia was named as one of the claimants, and the government was put on notice of her claim.

Several other courts have dismissed the claim of a spouse for loss of consortium and/or services when it was not included in the administrative claim originally filed.

In *Heaton v. U.S.*, 383 F.Supp. 589 (N.Y. 1974), the administrative claim did not relate any injury to Plaintiff's wife. She was only mentioned as his wife and she did not sign the claim. The court held that this separate and individual claim of the wife should have been clearly delineated. The fact that the wife did not sign the claim was an important factor to the court. The court distinguished this case from those involving the rights of children and stated that when an adult claimant improperly presented a claim, the courts "insist on strict compliance with the 'technicalities' ".

Other courts have dismissed similar claims by spouses, holding that the mere listing of a name as the Plaintiff's wife on an administrative claim was not sufficient notice that she would file a separate claim for loss of consortium. Thus, the administrative claim requirement is not satisfied in such a case. *Johnson v. U.S.*, 496 F.Supp. 597 (Mont.1980); *Ryan v. U.S.*, 457 F.Supp. 400 (Pa.1978).

However, strict compliance with all technicalities is not always required of adult claimants.

In the *Santos Estate* case, supra, the court also held that a claim filed under a decedent's name, instead of the name of his wife or estate, was sufficient. Since the government knew it was his wife who was pursuing the claim, via a letter from a law firm stating that it was to represent the wife, strict compliance with the regulations was not required.

In a wrongful death case also involving a Veteran's Hospital, the administrative claim was signed by plaintiffs' attorney and not by the plaintiffs themselves, who were the parents of the decedent. Since there was no evidence of authority for the attorney to represent the plaintiffs, the regulations were not strictly complied with. Although the rights of a minor were not involved, the Court held that the claim was not rendered invalid. *Hunter v. U.S.*, 417 F.Supp. 272 (Ca.1976)

The *Hunter* court distinguished the *Gunstream* case, since in that case the government had given notice of the defective claim. In the *Hunter* case, the Veteran's Administration processed and denied the claim with no indication that the defect in anyway hampered the agency. Nor was the defect called to the Plaintiffs' attention so that they might cure it.

In light of the underlying purposes of the statute, Plaintiffs' compliance in filing the claim, which was denied on the merits, and the lack of any harm to the government in evaluating the claim, the *Hunter* court held that the technical defect did not invalidate the claim when it was not called to the plaintiffs' attention. This rationale fits the circumstances surrounding Sidonia's administrative claim.

There is no firmly established case law regarding the enforcement of the technical and procedural requirements of the regulations under the FTCA. The courts appear to decide on the facts and circumstances of each case and the equities involved. The key factor seems to be adequate notice of the claim to the governmental agency, so that settlement will not be impeded.

In the instant case, Sidonia was listed as a claimant and the government was fully aware that she and the other children listed intended to file a claim. Her name and age were clearly listed on both S.F. 95 addendums filed and in a letter, which also discussed the lost support of the children, including Sidonia.

The government was on notice of her claim, requested additional information, investigated, processed, and denied the claim

on its merits, without once mentioning any defect or omission. The government has not been prejudiced and the policy favoring settlement has not been deterred. Under these circumstances, it would be inequitable to hold that Sidonia did not properly submit an administrative claim. Therefore, the Court refuses to Dismiss her claim on this basis.

## 3. THE LAWSUIT

The FTCA requires that suit be filed within six months of final action on the merits of an administrative claim or it is forever barred. The claim at issue was denied on July 9, 1981, and this suit was filed on January 8, 1982. Thus, to preserve their claims, all parties must be properly before the Court at this time or must be able to place themselves in the proper position by an amendment which would relate back to the filing of the complaint.

The captioned plaintiff in this suit is "Dora Champagne, widow of and administrator of the Estate of Nathan Champagne". Paragraph 2 of the Complaint describes Dora as Nathan's surviving spouse and guardian of the Estate of Brandi, Sidonia, Shannon, Joshua, and John. Dora brought this suit on behalf of herself, her deceased husband and her listed children.

### (A) *Joshua, John and Brandi*

These children are still minors. Dora was officially appointed their tutrix after the filing of this suit on July 15, 1983. This appointment cures any possible problem with her capacity to proceed on their behalf in this litigation. *Cacibauda v. Gaiennie*, supra. Dora should amend the pleadings to reflect this situation and establish her procedural capacity.

### (B) *Shannon*

When this lawsuit was filed, Shannon was also a minor. She has since reached age eighteen which nullifies the need and ability for Dora to qualify as her tutrix. She has standing to bring her own

claim and the complaint should be amended to reflect this fact.

### (C) *Sidonia*

■ Sidonia was an adult prior to the filing of this suit. Thus, Dora never had any authority to file suit on her behalf, and Sidonia is not properly before this Court as a Plaintiff.

In *Staggers v. Otto Gerdau Co.*, 359 F.2d 292 (2nd Cir.1966), an amendment naming new Plaintiffs was allowed approximately one year after the original Plaintiff's death. The Court cited the following statement by the Supreme Court. "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded...". "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments, previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given'...". *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)."

The *Staggers* Court held there was no hint of bad faith or any prejudice to defendant by the delay in amending the complaint. It also allowed the amendment to relate back to the filing of the complaint since the transactions set forth in the original pleading remained the basis of the suit.

In *Wassel v. Eglowsky*, 399 F.Supp. 1330 (Md.1975), which involved a recission of a securities sale, the wife of the original plaintiff was added as a plaintiff, after the defendant raised the issue of her absence. Because there was no allegation of prejudice to defendant from this late joinder and because the wife's claim arose out of the same conduct and transaction which formed the basis of the original complaint,

the amendment "related back" even though it added a new plaintiff.

In *Flanagan v. McDonnell Douglas Corp.*, 428 F.Supp. 770 (Ca.1977), the court allowed an amendment adding new plaintiffs in a wrongful death case. Under California law, there was only one recovery, one judgment, for wrongful death. Whatever rights the new plaintiffs had arose out of the same occurrence in the original pleadings, i.e., the deaths from a plane crash.

Should an amendment adding Sidonia as a party-plaintiff be requested, this Court would be obliged to follow Rule 15(a) and the Supreme Court's advice on freely granting a leave to amend.

At this time, the Court can see no apparent reason to deny such leave. It also appears that such an amendment should relate back to the date of the complaint, January 8, 1982. The court is not aware of any reason which would justify a refusal of this "relation back". Rule 15(c) provides for "relation back" whenever the claim "arose out of the conduct, transaction or occurrence set forth in the original pleading".

The basis of Sidonia's, her mother's and her minor siblings' claims is the identical conduct and occurrence, the Defendant's alleged negligence and Nathan's death. Sidonia's claim is even stated in the original complaint, though it was not properly brought by Sidonia herself.

Unless the Court is convinced otherwise, a Motion to Amend by Sidonia shall be granted and shall relate back to the original complaint. Thus, Sidonia will be deemed to have brought her claim before this Court within the six-month time limitation.

### 4. INDISPENSABLE AND/OR NECESSARY PARTIES

Defendant asserts that if the claims of the children are dismissed by the Court, then Dora's suit should also be dismissed for failure to join necessary and/or indis-

pensable parties under Rule 19 of the Federal Rules of Civil Procedure.

The claims of these children have not been dismissed, so this argument is moot.

5. ISSUE OF NEGLIGENCE

The Defendant has not convinced the Court that there is no genuine issue of a material fact concerning the alleged negligence in this case.

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and/or for Failure to State a Claim upon which Relief can be Granted be and it is hereby DENIED.

IT IS FURTHER ORDERED that within thirty (30) days Plaintiff shall file a Motion to amend the pleadings in the following respects:

1. Establish her procedural capacity as appointed tutrix of her minor children and her authority to proceed on behalf of Joshua, John, and Brandi Champagne.

2. Establish her procedural capacity as appointed administratrix and her authority to proceed on the behalf of Nathan Champagne's Estate.

3. Substitute Shannon Champagne as a Plaintiff on her own behalf.

4. Add Sidonia Champagne as a party Plaintiff.