Ricardo LEATY, Plaintiff,

v.

UNITED STATES of America, United States Postal Service, John Doe, a fictitious name, Defendants.

Civ. A. No. 90–1207.

United States District Court, D. New Jersey.

Oct. 11, 1990.

Michael Chertoff, U.S. Atty. by Susan Handler–Menahem, Asst. U.S. Atty., New-

ark, N.J., for defendants U.S., U.S. Postal Service and John Doe.

Jeremy Doppelt, Pros. Atty., East Orange, N.J., for plaintiff.

## OPINION

DEBEVOISE, District Judge.

Plaintiff Ricardo Leaty brought this action on March 27, 1990 to recover for personal injuries incurred when the car in which he was a passenger and driven by his mother, Justa Leaty, collided with a vehicle owned and operated by the United States Postal Service. Complaint, Count I, ¶¶ 1, 3–5. Actions were filed against Justa Leaty, the United States of America, and the United States Postal Service for negligence. Plaintiff brings this suit against the defendant United States under the Federal Tort Claims Act. 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671–80. As this cause of action arises under the statutes of the United States, jurisdiction is proper in this court. 28 U.S.C. § 1331.

The United States as defendant in this action moves for dismissal on the ground that plaintiff never properly filed an administrative claim with the United States Postal Service as required by 28 U.S.C. § 2675(a) before this court can take jurisdiction over the matter.

Plaintiff initiated his claim against the defendant by filing an administrative tort claim form, a Standard Form 95, with the United States Postal Service. A Standard Form 95 naming plaintiff as a claimant was first sent to the Postal Service in September, 1988. A second, amended form was sent to defendant and stamped "received" by the Post Office on November 8, 1989.[1] This form named plaintiff, his mother Justa Leaty and his father Ernesto Leaty as claimants but was signed by Justa Leaty alone. The form also provided one sum for the amount claimed by both Justa Leaty and Ricardo Leaty for personal injuries.

On November 3, 1988, the attorney then retained by plaintiff sent a letter of representation to the Postal Service, indicating the amount of plaintiff's medical bills to date, the attorney's status as Ricardo Leaty's legal representative, and a willingness to enter into settlement negotiations. This letter named plaintiff Ricardo Leaty as the attorney's sole client in this matter. The record before the court reveals no reply by defendant to this communication. The Postal Service did not inform plaintiff that his claim was defective because a separate claim form was not filed and/or signed by him or by someone acting as his legal representative.[2] Nor does the record reflect

1. In reply to the original filing, defendants responded that plaintiffs' failure to state the total amount of damages claimed (Standard Form 95, box 12b) rendered the claim defective. Plaintiffs thereupon filed a second claim form, the one at issue in these proceedings. The only distinction between the first and second claim forms was the specification of a total amount of damages; the damages were not apportioned between the claimants and both claimants were still included on the same claim form with only Justa Leaty's signature.

In a related action by Justa Leaty and Ernesto Leaty (Civil Action No. 90–699), defendant moved to dismiss on the ground that the claim form filed was defective due to plaintiffs' failure to specify the total amount claimed on the Standard Form 95. The motion was denied by this court in an opinion filed September 14, 1990. The court held the form to be in substantial compliance with the jurisdictional requirement of the Federal Tort Claims Act, 28 U.S.C. § 2675(a). This court also held that the original claim form was sufficient to establish a valid claim under the Tort Claims Act and, therefore, the defendant's failure to respond to plaintiff's

claim form constituted a denial of the claim pursuant to 28 U.S.C. § 2675(a). *See* Opinion filed September 14, 1990, Civil Action No. 90–699 at 4–5. The opinion held that the "total amount of the claim and combined amount of personal injuries [was] directly inferable ..." Opinion filed September 14, 1990, Civil Action No. 90–699 at 5. Consequently, the "Postal Service was able to investigate plaintiff's personal injury claim and attempt to settle it prior to pending action's initiation." *Id.*

2. Nor was Justa Leaty, the other claimant on the Standard Claim Form 95, told that her claim was defective because the Form contained more than one claimant and only one signature. *See* Opinion filed September 14, 1990, Civil Action No. 90–699 at 2–3. This is, however, of marginal relevance to the issue of the sufficiency of Ricardo Leaty's claim; it would be reasonable for defendant to adopt the position that the claim form was signed by Justa and was thus valid with respect to her but for the same reason it was fatally flawed with respect to Ricardo. But the fact is worthy of mention given the general factual context of administrative inaction and silence.

any request or attempt to enter into settlement negotiations with plaintiff's attorney.

As a consequence of this administrative indifference and neglect, plaintiff filed suit in this court after six months of inaction by the Postal Service. At plaintiff's option, this inaction constituted a constructive final denial of the claim pursuant to 28 U.S.C. § 2675(a). *See Miller v. United States*, 741 F.2d 148, 150 (7th Cir.1984). Subsequent to the filing of this action, defendant did not raise any objection to the sufficiency of plaintiff's administrative claim until the filing of the instant motion.

### DISCUSSION

■ Pursuant to Rule 12(b)(6), plaintiff's complaint must be dismissed for failure to state a claim if defendant demonstrates "beyond a doubt that plaintiff[s] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir.1980). All allegations set forth in the complaint must be accepted as true, *see Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972), and all reasonable inferences must be drawn in plaintiff's favor, *see McKnight v. Southeastern Pennsylvania Transportation Authority*, 583 F.2d 1229, 1235–36 (3d Cir.1978). To withstand the motion, it "is not necessary to plead facts upon which the claim is based." *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir.1977).

Defendant moves pursuant to Federal Rule of Civil Procedure 12(b) for dismissal of plaintiff's action. The basis for this motion is defendant's claim that under 28 U.S.C. § 2675(a), the court is without jurisdiction to hear this case because plaintiff failed to file an administrative claim with the Postal Service before filing an action in federal court. The statutory provision provides in pertinent part:

An action shall not be instituted upon a claim against the United States, for money damages ... for personal injury ...

caused by the negligent or wrongful act or omission of an employee of the federal government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (as amended July 18, 1966, Pub.L. 89–506, § 2, 80 Stat. 306.).

Defendant contends that plaintiff's failure to submit an individual claim form signed personally by plaintiff or by plaintiff's attorney with adequate evidence of representation rendered plaintiff's claim fatally defective. Due to this alleged fatal deficiency, defendant argues, no cognizable administrative claim was ever made as a matter of law. Consequently, defendant argues that plaintiff never filed an administrative claim and is thus barred from pursuing an action in this forum.[3]

■ The central issue in the disposition of defendant's motion to dismiss is the determination of whether the Standard Form 95 submitted on plaintiff's behalf by his mother when taken together with a letter of representation from plaintiff's attorney can be considered sufficient to constitute an administrative claim and an adequate basis to initiate a court action under the Tort Claims Act. Defendant correctly notes that § 2675(a) is jurisdictional in nature and cannot be waived. *See, e.g., Burns v. United States*, 764 F.2d 722 (9th Cir.1985); *Melo v. United States*, 505 F.2d 1026 (8th Cir.1974). Defendant is fortunate in this respect; for if the sufficiency of an administrative claim for purposes of jurisdiction could be waived, defendant's inexcusably belated objection to the form of plaintiff's claim would undoubtedly con-

---

**3.** As the two year period in which a party may file an administrative claim has elapsed, if plaintiff cannot pursue his action in this court he is time barred from refiling it with the Postal Service. *See Blain v. United States*, 552 F.2d 289, 291 (9th Cir.1977).

stitute waiver and the court would need to proceed no further.[4] Unfortunately, the issue is more complex than this and requires the court to determine how the Federal Tort Claims Act defines the jurisdiction of the court and how those legal standards apply to the facts of this case.

Any construction of § 2675(a), the jurisdictional provision of the Federal Tort Claims Act, must be undertaken in light of the section's underlying policy goals. The section

> is designed ... to provide a procedure under which the government may investigate, evaluate and consider settlement of a claim. This purpose requires that the Notice of Claim provide sufficient information both to permit an investigation and to estimate the claim's worth. *Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir.1983), *cert. denied*, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1984); *see Shipek v. United States*, 752 F.2d 1352, 1354 (9th Cir.1985); *Bush v. United States*, 703 F.2d 491, 493–94 (11th Cir.1983); *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir.1981); *Adams v. United States*, 615 F.2d 284, 289 (5th Cir.), *clarified*, 622 F.2d 197 (1980).

*Johnson by Johnson v. United States*, 788 F.2d 845, 848 (2d Cir.1986). The policy goal the provision was enacted to accomplish was "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Id.* at 845, 848–849 (quoting S.Rep. No. 1327, 89th Congress, 2d Sess. 2 (1966), reprinted in 1966 U.S.Code Cong. & Admin.News 2515, 2516).

■ A review of the decisional law defining the requisite qualities of a sufficient administrative claim indicates that the legal determination rests on whether the claim filed enables the target agency to pursue avenues of negotiation and settlement. "The courts appear to decide on the facts and circumstances of each case and the equities involved. The key factor seems to be adequate notice of the claim to the government agency, so that settlement will not be impeded." *Champagne v. United States*, 573 F.Supp. 488, 494 (E.D.La.1983); and *see Estate of Santos v. United States*, 525 F.Supp. 982 (D.P.R.1981); *Hunter v. United States*, 417 F.Supp. 272 (N.D.Cal. 1976). Accordingly, the determination of whether plaintiff's administrative claim was sufficient to confer jurisdiction on this court once it was ignored by the Postal Service for six months is made with reference to the written claim's utility in effecting the policy goals of § 2675(a). *See Surratt v. United States*, 582 F.Supp. 692, 699–700 (N.D.Ill.1984); *Champagne*, 573 F.Supp. at 494.

In *Champagne*, 573 F.Supp. 488, the mother of an adult child filed an administrative claim on the child's behalf for the wrongful death of the child's father. The adult child-claimant did not sign the Standard Form 95 though she was named in both the form and a letter sent by her mother's attorney. Although the claim was technically defective, the court held that the administrative claim prerequisite of the Federal Tort Claims Act was satisfied where the government was clearly on notice that the non-signatory claimant's claim was pending and the agency had "never informed anyone involved of the need for a separate claim by [claimant] or [claimant's] signature." *Id.* at 493.[5]

■ Defendant's position rests upon two premises: (1) that regulations promulgated under the authority of 28 U.S.C. § 2672 are

---

4. Any harsh assessment of the defendant, or more appropriately the Postal Service, should not be taken to justify or exculpate the plaintiff and his original attorney in this matter. As evidenced by the two claim forms filed on plaintiff's behalf, his attorney was sloppy and unprofessional. However, there is a crucial distinction between plaintiff's sloppiness and defendant's neglect: plaintiff is not attempting to win this case as a result of his poor handling of this matter, defendant is.

5. The claimant's mother also filed a court action on behalf of the adult child. The court granted leave to file a separate complaint in the claimant's own name, holding that the action thus commenced was timely as it related back to the original filing. *Id.* at 495.

jurisdictional in nature and not merely procedural or notice rules for the processing of claims for the administrative agencies' own purposes, and (2) that the administrative claim filed by plaintiff is fatally flawed in view of the pertinent regulations. This court rejects both contentions.

Two regulatory provisions are relevant in this case, 28 C.F.R. §§ 14.2(a) and 14.3(b). Section 14.2(a) reads as follows:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a). In addition, § 14.3(b) provides that "A claim for personal injury may be presented by the injured person, his duly authorized agent or legal representative." 28 C.F.R. § 14.3(b).

These regulations should be read with a view to the statutory provision authorizing their promulgation to determine their proper meaning and import in the process of adjusting, settling and adjudicating claims against the United States. The enabling statutory provision reads in relevant part: "The head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States ..." 28 U.S.C. § 2672(a).

The statutory provision quoted above along with its legislative history indicates that Congress did not intend to confer the power to redefine the jurisdiction of the federal courts on the very administrative agencies who were to be brought before them as defendants. *See Graves v. United States Coast Guard,* 692 F.2d 71, 74 (9th Cir.1982); *Adams v. United States,* 615 F.2d 284 (5th Cir.), *modified on reh'g,* 622 F.2d 197 (5th Cir.1980); *Surratt v. United States,* 582 F.Supp. 692, 696–699; *Pardy v. United States,* 575 F.Supp. 1078, 1079 (S.D. Ill.1983). Section 2672(a) yields no ready construction to this effect; rather, the section addresses itself to the issue of empowering administrators to fairly and equitably dispose of claims brought against their agency without involvement of the courts or, in some cases, the Department of Justice. *See* S.Rep. No. 1327, 89th Congress, 2d Sess. 2 (1966), reprinted in 1966 U.S. Code Cong. & Admin.News 2515, 2517, 2518, 2520–21. Not one mention of this power in relation to the courts' jurisdiction is to be found. The construction of the statute necessary to maintain defendant's argument is of substantial significance and import to the processing of tort claims against the United States and given the lack of support for such an interpretation in the legislative history and the text of the statute itself, I am unpersuaded that the construction is tenable.[6]

The construction of § 2672(a) as authorizing administrative agencies to modify the jurisdiction of the courts that will pass upon the merits of their defenses is too closely akin to letting the fox guard the chicken coop. The case in point is illustrative. Here, the Postal Service never bothered to inform plaintiff that his claim was defective under the agency's interpretation of the federal regulations.[7] In effect, the

---

**6.** I realize that a judge of this Court has written an opinion holding to the contrary. *See Martinez v. United States,* 743 F.Supp. 298, 301–302 (D.N.J.1990). However, consideration of the statutory text, the legislative history, and the case law construing §§ 2672, 2675 leads me to the opposite conclusion, that regulations prom-

ulgated pursuant to § 2672 are not jurisdictional in nature.

**7.** *Compare Bialowas v. United States,* 443 F.2d 1047 (3d Cir.1971) (no administrative claim filed where agency called defects in preparation of claim form to claimant's attention and the defects were not remedied).

Postal Service invited plaintiff to continue on an erroneous course, to pursue a claim that did not legally exist according to the legal argument defendant advances today. Only if the court were to permit the agency to define the standards for sufficiency of an administrative claim as the basis of its jurisdiction could such a result be reached. Otherwise, the regulatory requirements would be deemed waived and the court's jurisdiction unaffected.[8]

The result that would obtain under defendant's construction is inconsistent with the Congressional intent underlying § 2672. Senate Report Number 1327 states that it was the intention of Congress to "expedite the fair settlement of tort claims asserted against the United States" to the "benefit [of] private litigants, ... the courts, the agencies, and the Department of Justice itself." S.Rep. No. 1327, 89th Congress, 2d Sess. 2 (1966), reprinted in 1966 U.S.Code Cong. & Admin.News 2515, 2516. The instant case demonstrates that this end is ill served by defendant's argument. Not only would dismissal be unfair to plaintiff since neither he nor his attorney were informed of any putative defect, but the overall aim of the legislation, settlement of pending claims, was not expedited either. Based on the record before the court, it appears the Postal Service failed to make any effort to engage in attempts to reach an amicable settlement, the prerequisite of which would be communication with the claimant in an attempt to correct any asserted defects in the Standard Form 95 once notice of the claim was given.

Likewise, the court rejects defendant's argument that the letter of representation, containing an offer to negotiate and settle the claim, sent by plaintiff's attorney does not satisfy the requirements of either 28 U.S.C. § 2675(a) or 28 C.F.R. §§ 14.2(a) and 14.3(b). The court finds that this letter, together with the Standard Form 95 naming plaintiff as a claimant, constitute a sufficient notice of claim under both the statute and federal regulations.

The Ninth Circuit has held, and this court agrees, that "the appearance of an attorney for a party raises a presumption that the attorney has the authority to act on that party's behalf." *Graves v. United States Coast Guard*, 692 F.2d 71, 74 (9th Cir.1982) (citations omitted). If an agency is suspicious of the representative capacity or authority of a communicant, the agency could simply contact the person as it would in the case of a claim considered to be defective and request additional documentation.

Defendant holds out the specter of a befuddled government paying out settlements to persons fraudulently posing as legal representatives. Under the circumstances, this argument seems exaggerated to the point of caricature.[9] There is a substantial difference between accepting a claim based on the representation of one not the actual claimant and actually disbursing money. If this sort of mistaken payment was actually made, it would say more about the manner in which federal agencies are administered than any problem with the state of the law. Here, the manner in which plaintiff's claim was initially filed did not impede the Postal Service in the investigatory process. *See Surratt*, 582 F.Supp. at 699. If this process never got underway, the responsibility belongs to the agency charged with investigating the claim. Accordingly, the letter from plaintiff's attorney adequately set forth the attorney's authority to file a

---

8. *See Pardy v. United States*, 575 F.Supp. 1078, 1079 (N.D.Ill.1983); Cf. *Champagne*, 573 F.Supp. at 491 ("Although the administrative claim submission requirement is jurisdictional and cannot be waived, the technical and procedural requirements of the regulations are not always strictly enforced.").

9. *Compare Commonwealth of Pennsylvania v. National Association of Flood Insurers*, 520 F.2d 11, n. 26 (3d Cir.1975) (The "risk of duplication

in recovering for the same damage" was a relevant concern where the State of Pennsylvania sought to sue on behalf of an extremely large class of unidentified plaintiffs and the claims asserted by the State were not independent of those that could be asserted by the individual citizen-claimants.). In the instant action, there is no large class of unidentified claimants posing such a threat of duplicative claims and lawsuits.

claim on plaintiff's behalf. *See Pardy*, 575 F.Supp. at 1079; *Hunter*, 417 F.Supp. at 274 (distinguishing *Bialowas v. United States*, 443 F.2d 1047 (3d Cir.1971)).[10]

CONCLUSION

For the foregoing reasons the court concludes that an administrative claim was filed and jurisdiction over this dispute under 28 U.S.C. §§ 1346(b) and 2675(a) is proper. Defendant's motion to dismiss for lack of jurisdiction is therefore *denied.*

An appropriate form of order will be entered.

---

**10.** To the extent that defendant relies on *Commonwealth of Pennsylvania v. National Association of Flood Insurers*, 520 F.2d 11 (3d Cir.1975), to support the position that plaintiff never filed an administrative claim, this reliance is misplaced. That case dealt with an administrative claim file by the State of Pennsylvania on behalf of all those injured in floods occurring in 1972 and 1973. Obviously, this attempt to consolidate all potential claimants into a single class poses infinitely greater problems from the perspective of an agency seeking to fulfill its statutory mandate to settle claims without resort to litigation than a parent filing a claim form on behalf of an adult child. The difficulties presented by a potential class action are thus distinguishable from what are, at most, mere inconveniences involved in this case. *Cf. House v. Mine Safety Appliances Co.*, 573 F.2d 609, 617 (9th Cir.1978) (several claims filed on behalf of adult children by their mothers remanded to determine whether the filing of those claims was authorized by the adult children at the time of filing).