Robert RABOVSKY, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 11660.

United States District Court
D. Connecticut.

March 23, 1967.

John D. Ward, Bridgeport, Conn., for plaintiff.

Jon O. Newman, U. S. Atty., Robert D. Glass, Asst. U. S. Atty., New Haven, Conn., for defendant.

### RULING ON MOTION TO REDUCE AMOUNT OF AD DAMNUM

ZAMPANO, District Judge.

The government moves to reduce the ad damnum in this complaint under the Tort Claims Act from $2,500.00 to $25.00. It relies on 28 U.S.C. § 2675(b) which provides in pertinent part:

"* * * Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

On November 13, 1964, the plaintiff was involved in an accident with a Post Office truck. As a result the plaintiff suffered personal injuries and over $900 damage to his automobile. Prior to fil-

ing his administrative claim under 28 U.S.C. § 2401, the plaintiff's attorney on several occasions attempted to secure certain medical reports and bills from the plaintiff's doctor. Despite repeated letters from the attorney, the doctor failed to respond. At the time the claim was filed the plaintiff had lost wages amounting to approximately $160.00.

On March 18, 1965, the plaintiff filed an administrative claim, Standard Form 95, with the United States Post Office Department. In it, in addition to a $953.42 property damage claim, the plaintiff asserted a personal injury claim in the amount of "$25.00" for injuries to his head, neck, back and knees which had "partially disabled" and "possibly permanently disabled" him. In the letter that accompanied the claim, the government was informed of the name and address of the plaintiff's doctor "from whom we have as yet been unable to obtain a medical report. We are pressing the doctor for it and will forward [it] to you upon receipt." On March 25, 1965, the plaintiff's attorney again notified the government of his lack of success in obtaining the doctor's cooperation. Finally, on October 25, 1966, the plaintiff forwarded his doctor's medical report and bill to the government. The present action was filed on October 27, 1966, claiming $2500 damages.

It is clear the plaintiff's personal injury claim in form 95 was typed "$25.00" instead of "$2500". This clerical error, which should have been apparent to the government, is obvious in the light of the stated extent of the plaintiff's injuries, the lack of medical report and bill, and the fact he had already lost $160.00 in wages as a result of his injuries. Moreover, the plaintiff through no fault of his own did not have his doctor's report or bill at the time the claim was filed. The medical extent of his injuries and expenses were not fully known and his attorney, therefore, was not in a position to appraise the value of his claim. Under the circumstances here, the Court finds the plaintiff is not precluded from a recovery in excess of $25.00 because there

was evidence not reasonably discoverable at the time the administrative claim was filed and there has been proof of intervening facts relating to the amount of the claim within the meaning of the applicable statute.

Accordingly, the motion is denied.