**Elizabeth LITTLE and George Little, her husband**

**v.**

**The UNITED STATES of America.**

**Civ. A. No. 69–910.**

United States District Court,
E. D. Pennsylvania.

Sept. 29, 1970.

John S. Kelly, Philadelphia, Pa., for plaintiffs.

Louis C. Bechtle, U. S. Atty., Charles B. Burr, II, Asst. U. S. Atty., for defendant.

## MEMORANDUM AND ORDER

HIGGINBOTHAM, District Judge.

The government has moved to reduce the ad damnum in this complaint under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, from the total amount of $11,000 claimed by the plaintiffs to $1391. Though this issue is not without difficulty, I find that the more persuasive authorities, when applied to the unique facts of the case, preclude the government from the relief requested.

On January 5, 1968, the wife-plaintiff slipped on a portion of the pavement surrounding the United States Post Office for Torresdale, Pennsylvania, and allegedly sustained serious injuries to her head and back. In a letter dated October 29, 1968, plaintiffs' attorney listed a total of $1391.67 in medical bills (with copies enclosed) and demanded $8500 in settlement of plaintiffs' entire claim. (Plaintiffs' Brief, Exhibit "A".) In a letter dated October 30, 1968, a Postal Inspector acknowledged receipt of the letter of October 29, 1968, and forwarded a copy of a Standard Form 95. (Plaintiffs' Brief, Exhibit "B".) On November 8, 1968, counsel for plaintiffs filed with the Post Office Department a claim for $1391 on this Standard Form 95, which had been signed by the plaintiffs and dated November 4, 1968. (Government's Brief, Exhibit "A".) This Standard Form 95 provides that the claimant agrees to accept the claimed amount stated therein. "* * * in full satisfaction and final settlement of this claim." In a letter dated February 13, 1969, the General Counsel of the Post Office denied any liability (Plaintiffs' Brief, Exhibit "D") and on April 25, 1969, plaintiffs' complaint was filed.

Both the plaintiffs and the government rely on Title 28 U.S.C. § 2675(b) which provides as follows:

"* * * Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

The plaintiffs confess that "This is clearly a *clerical error* and this error must have been apparent to the Government upon receipt of Claim Form 95 in view of the prior notice and confirmation of demand of $8500.00". (Plaintiffs' Brief, p. 3.) Apparently the government also concedes that there was a clerical error when stating "At best, any argument by plaintiffs can rise no higher than a claim of 'newly discovered mistake' which is clearly beyond the scope of the statute." (Government's Brief, p. 3.) Thus, the unique legal issue in this case is whether where the government knows a mistake has been made and where the government had precise prior notice of the true demand, does the statute require the Government to be the unintended beneficiary of patent clerical error. Such harshness is not required by the most perceptive decisions.

In their October 29, 1968 letter, plaintiffs most carefully itemized all of the medical expenses—down to the last penny—totalling $1391.67, and concluded: "Our demand for an immediate settlement of this matter is Eighty-five Hundred ($8500.00) Dollars which is made without prejudice." (Plaintiffs' Brief, Exhibit "A".) It is therefore apparent that the claim of $1391 in the Standard Form 95 which was signed five days later represented only the plaintiffs' medical expense and was not intended to represent plaintiffs' total claim for damage. While I do not commend counsel for his failure to more precisely scrutinize the Standard Form 95 which was submitted, I do not think his clients should be irrevocably prejudiced when the government was never misled.

In seeking a reduction of the ad damnum, the government has cited many cases which purportedly preclude any recovery in excess of that claimed in the Standard Form 95. But the fatal flaw in the government's argument is that none of the cited cases concerned the effect of a clerical error.

The plaintiffs have argued that a similar situation existed in Rabovsky v. United States, 265 F.Supp. 587, D.C. Conn., 1967, where a plaintiff filed a Standard Form 95 in which he claimed only $25.00 for serious personal injuries. The court found that this $25.00 represented a clerical error, and that the plaintiff actually intended to claim $2500.00 for personal injuries. In the closing paragraph, the court first found that a clerical error had existed and that new medical evidence had been discovered, and went on to conclude as follows:

"* * * Under the circumstances here, the Court finds the plaintiff is not precluded from a recovery in excess of $25.00 because there was evidence not reasonably discoverable at the time the administrative claim was filed and there has been proof of in-

tervening facts relating to the amount of the claim within the meaning of the applicable statute." (265 F.Supp. at 588.)

Thus, a clerical error constituted one of the two alternative grounds for bringing into play the exceptions sanctioned in the statute.

In this case we also have a newly discovered clerical error. As was held in *Rabovsky*, this clerical error brings into play the exceptions provided for in 28 U.S.C. § 2675(b). Thus, the plaintiffs are not precluded from a recovery in excess of $1391.

### ORDER

And Now, this 29th day of September, 1970, it is hereby Ordered that the Government's motion to reduce the amount of the ad damnum is Denied.