James Madison LOCKE et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 71-3343.

United States District Court, D. Hawaii.

Nov. 16, 1972.

Frank D. Padgett, Padgett, Greeley, Marumoto & Steiner, Honolulu, Hawaii, for plaintiffs.

Thomas P. Young, Asst. U. S. Atty., Dist. Hawaii, Honolulu, Hawaii, for defendant.

## DECISION AND ORDER DENYING MOTION TO DISMISS

SAMUEL P. KING, District Judge.

Cornelia Locke died while undergoing treatment at Tripler Army Hospital on July 22, 1967. This suit alleges that Mrs. Locke's death was the result of negligence and breach of a warranty of care by defendant United States, through its medical personnel at the hospital. Her husband, James M. Locke, sues in three capacities—on his own behalf; as executor of his late wife's estate; and as next friend of his three minor daughters, Barbara Jean, Brenda Joyce and Beverly June. The action is brought under the Federal Tort Claims Act, 28 U.S.C. § 1346 et seq.; 28 U.S.C. § 2671 et seq.

Under the Act,[1] a person may not sue the United States unless a claim has first been submitted to the appropriate Federal agency. The claim must then be denied, either expressly or through the government's inaction for six months or more. Plaintiff Locke filed, on July 17, 1969, a "government standard form 95" with the appropriate agency. On the form in the space designated "1. Name of Claimant" only the name "James M. Locke" appears. Also, in the space designated "8. Amount of Claim" opposite the words "Personal Injury" the figures "$250,000" appear, and in the space designated "13. . . . Signature of Claimant" the signature "James M. Locke", with no other writing, appears. After receiving no response, he brought this action almost two years later, on May 21, 1971.

The United States has now moved to dismiss the action as to all plaintiffs but Locke, acting in his own capacity, on the ground that no claims were specifically filed in the names of any of the other plaintiffs. In support of its position the government cites Claremont Aircraft,

---

1. "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." 28 U.S.C. § 2675(a).

Inc. v. United States, 420 F.2d 896 (9th Cir., 1970) holding that an administrative claim must be filed before a civil action can be maintained under the Tort Claims Act. The issue before us, however, is not so broad. We must determine what detail is required to exhaust the administrative process once a claim has already been filed.

A careful scrutiny of the statute's legislative history has persuaded this Court that its purpose is essentially remedial. In its report on the bill, the House Judiciary committee described it as providing for "more fair and equitable treatment of private individuals and claimants." The Senate committee noted that most Federal tort claims were brought against a relatively few agencies, and that these few had developed considerable expertise at settling claims. The report held out the hope that by expanding administrative authority to settle, the bill could allow many potential plaintiffs to avoid the need for expensive and cumbersome litigation. S.Rep.No.1327, 89th Cong., 2d Sess., 1966 U.S.Code Cong. & Ad.News, p. 2515 et seq.

Given this background, there has been judicial unwillingness to permit the United States to stand on technicalities once a claim has been filed. This is particularly the case when the rights of children are involved and inequity would result. Stokes v. United States, 444 F. 2d 69 (4th Cir. 1971). In *Stokes*, a three year old child was permitted to sue the United States for disability, pain and suffering despite the fact that a claim for her medical expenses had already been submitted and paid. See also Robovsky v. United States, 265 F. Supp. 587 (D.Conn., 1967); Little v. United States, 317 F.Supp. 8 (E.D. Penn., 1970).

Some of the difficulty here arises from an apparent inconsistency in the regulations adopted to implement the statute. The government argues that 28 CFR 14.3(e) is controlling in this case. It provides:

A claim presented by an agent or legal representative shall be presented in the name of the claimant, be signed by the agent or legal representative, show the title or legal capacity of the person signing, and be accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

In the only analogous case cited by either party, this section was held to nullify a claim for injuries submitted on behalf of an adult by his parents. Gunstream v. United States, 307 F.Supp. 366 (C.D.Calif.1969). In *Gunstream*, the parents asserted no claim on their own behalf. They attempted to act solely in a representative capacity for their 22 year old son, for whom they alleged no incapacity. Moreover, personnel of the administrative agency advised the parents that the son would be required to file the claim in his own name because he was over 21 years of age.

The present case is very different.

Claims for personal injury are regulated by 28 CFR 14.3(b), which provides:

A claim for personal injury may be presented by the injured person, his duly authorized agent, or legal representative.

Claims for wrongful death are regulated by 28 CFR 14.3(c):

A claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law.

The sweep of this provision, encompassing features of State law, is broad enough to include all the plaintiffs in this action. Hawaii law provides that a father whose spouse is deceased shall be the "natural guardian" of his unmarried minor children, "entitled to prosecute and defend all actions" in their stead. H.R.S. § 577–3. The Hawaii wrongful

death statute permits an action to be maintained by the deceased's legal representative, spouse, children, father, mother, or any other person wholly or partly dependent upon the deceased. H.R.S. § 663–3.

We believe that the restrictive language of regulation 14.3(e), which refers specifically to an "agent or legal representative" does not require the claims on behalf of decedent and of the minor children, to be rejected for failure to comply with the Federal Tort Claims Act. Rather, these claims are in compliance with the Act under regulation 14.-3(c) and Hawaii law.

The United States had actual notice of the Locke claim. It was set forth in a sum certain and presented by one who had full legal authority to act on behalf of his unemancipated children and his late wife's estate. The sum set forth, and the identification of the amount claimed as being for "Personal Injury", obviously implied more than damages for loss of consortium. The government had every opportunity, for almost two years, to attempt a settlement. Had it done so, it could not have remained unaware that others were involved.

The claim which the United States now regards as insufficient was submitted on an official form which is a model of brevity. Nowhere does it mention dependents, and there is only the most fleeting reference to actions based upon death. The form, labelled "Claim for Damage Or Injury", appears clearly designed for those purposes only. Although there are spaces provided for description of property damage and personal injury, none is provided for death. Yet this is the form preferred by the government for all claims. 28 CFR 14.2.

In the court's view, the claim submitted by Locke fulfilled the requirements of the statute. It provided notice, and it named a figure which might form the basis for settlement negotiations. On the facts of this case, that was sufficient.

The motion to dismiss is denied.