**Linda Charlene JACKSON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 82–0821.

United States District Court, District of Columbia.

Oct. 13, 1982.

John F. Lillard, III, Lillard & Lillard, Washington, D.C., for plaintiff.

Wayne P. Williams, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This is a case brought under the Federal Tort Claims Act ("FTCA") for wrongful death and survivorship. The Court currently has before it Defendant's Motion to Dismiss. Because the Court finds that plaintiff has not fulfilled the requirements for suit under the FTCA, the Court will grant Defendant's motion and dismiss this action with prejudice.

### FACTS

Plaintiff's husband was an inmate at Lewisberg, Federal Correctional Institute. On March 26, 1979, he died as the result of injuries received when he was knifed by another inmate. Plaintiff alleges that defendant's negligence was responsible for her husband's death. She claims that de-

tion alone does not make the employer insure that the employee will never cause injury to anyone at any time.

fendant had knowledge that decedent's life was in danger in that he had been in numerous conflicts with members of alleged prison gangs and had made repeated requests to be protected, isolated or transferred. She further alleges that due to defendant's negligence no guard was at the scene of the attack to prevent it. Finally, plaintiff argues that decedent was denied prompt medical attention that might have saved his life. Plaintiff seeks $10 million in damages.[1]

Defendant disputes each and every one of the facts alleged by plaintiff. Instead, defendant portrays decedent as a "chronic management problem" (a fact that plaintiff admits and offers as proof that defendant wanted decedent out of the way) with no relationship with prison authorities. Thus, defendant argues, it is inconceivable that decedent would have sought protection or help from the officials. Furthermore, prison records clearly indicate that decedent never sought aid or transfer, nor did he ever apprise officials that he feared for his life. Defendant further argues that there is no evidence that it was negligent in failing to prevent the homicide or in providing prompt medical attention.

On October 6, 1980, decedent's parents filed an administrative claim with the Federal Bureau of Prisons. That claim was denied on December 8, 1981. No further action was taken by the parents to pursue their claim. However, on March 23, 1982, plaintiff, decedent's wife, filed this suit. Defendant has now filed a Motion to Dismiss alleging that plaintiff did not comply with the FTCA requirement that she file an administrative claim and is thus barred from suit.

### THE COURT FINDS THAT PLAINTIFF DID NOT FILE AN ADMINISTRATIVE CLAIM AND IS THUS BARRED FROM SUING UNDER THE FEDERAL TORT CLAIMS ACT

The United States is immune from suit unless it consents to be sued. *United States*

*v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Dahn v. Davis,* 258 U.S. 421, 42 S.Ct. 320, 66 L.Ed. 696 (1922). However, the government's consent to suit is limited by the terms and conditions it establishes. *Honda v. Clark,* 386 U.S. 484, 501, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967); *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). For cases such as the one at bar, such consent is given in the FTCA. 28 U.S.C. § 2671. But the FTCA confers jurisdiction on the condition that no claim may be brought against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . ." 28 U.S.C. § 2675(a). Courts have considered filing an administrative claim to be a jurisdictional prerequisite to suit under the FTCA. *See e.g., Blain v. United States,* 552 F.2d 289, 291 (9th Cir.1977); *Bialowas v. United States,* 443 F.2d 1047, 1049 (3d Cir.1971); *Claremont Aircraft Inc. v. United States,* 420 F.2d 896 (9th Cir.1970).

Plaintiff here did not file an administrative claim, the normal consequence of which, is that her suit should be barred. However, plaintiff advances two arguments as to why she should be allowed to continue to pursue her action. First, plaintiff claims that the jurisdictional requirement of filing an administrative claim should be satisfied by the claim filed by decedent's parents, which claim for $100,000 was denied. Plaintiff's argument is based on the theory that the purpose of the administrative claim requirement is to provide the government with notice of claims against it. She argues that the parents' claim provided the government with ample notice thus fulfilling the purpose of the requirement and making it unnecessary for her to file an individual claim. But, as the government explains, notice of the existence of the claim is not the only purpose served by requiring each

---

1. Defendant strongly disputes this figure, stating that decedent had never held a job for more than two weeks in his adult life, was an acknowledged heroin addict and alcoholic and smoked two packs of cigarettes daily. Plaintiff bases this figure on decedent's earnings if he "went straight" or alternatively upon his past earnings from illicit activities.

individual seeking relief to file an administrative claim. Rather, the filing of a claim by each involved individual also provides the government with more complete information as to the number of persons interested in the claim so that the value of settlement can be accurately assessed. *See House v. Mine Safety Appliances Co.,* 573 F.2d 609 (9th Cir.1978).

Even if the Court was convinced that the parents' claim provided adequate notice and thus satisfied the claim requirement as to plaintiff's survivorship action, this argument will not rescue plaintiff's claim for wrongful death. There is a substantial difference between the filing of such a claim by decedent's parents and the filing by his spouse. In a wrongful death action a claimant seeks compensation for his own loss. The claimant's status and relationship to the decedent is crucial in establishing the extent of that loss. Thus, in plaintiff's claim for wrongful death she cannot rely upon the administrative claim filed by the parents as providing adequate notice to the government because the parents' claim for their own loss is entirely separate from any claim plaintiff may have for the loss she suffered.

Plaintiff's second argument is that the parents' administrative claim should satisfy the requirements of the FTCA as to her survivorship action because they both assert the same cause of action. She argues that the parents' claim was filed as a survivorship action on behalf of the decedent's estate and her suit is merely an assertion of that same claim. Initially, this argument deserts plaintiff's cause of action for wrongful death. But moreover, the facts do not support plaintiff's assertion that the parents' claim was for survivorship. After reviewing the parents' administrative claim, Mr. David Essig, Regional Counsel for the Federal Prison System wrote a letter to their counsel requesting further information as to the claimants' status. In re-

sponse, counsel for the parents—the same counsel that authored Plaintiff's Opposition to Defendant's Motion to Dismiss—explained that the administrative claim was a "wrongful death action" brought by the "rightful heirs of decedent." There were no assertions that the parents were suing on behalf of decedent's estate nor any other indications that the claim was for survivorship rather than wrongful death. Additionally, the claim form itself states that the basis of the claim is "wrongful death."

Thus, the Court finds that the parents' administrative claim was for wrongful death and was filed on their own behalf as decedent's heirs. As such, it cannot be used by plaintiff to satisfy the requirement that she file an administrative claim. In accordance with myriad other decisions that have strictly construed the requirement that each individual claimant must file an administrative claim, this Court holds that plaintiff's suit is barred for failure to fulfill that requirement.[2] *See e.g., House v. Mine Safety Appliances Co.,* 573 F.2d 609 (9th Cir.1978) (parent's filing of administrative claim on behalf of adult children will not satisfy the requirement of FTCA); *Lunsford v. United States,* 570 F.2d 221, 224 (8th Cir.1977) (affirming dismissal because unnamed class members did not file a proper administrative claim); *Pennsylvania v. National Association of Flood Insurers,* 520 F.2d 11, 24 (3d Cir.1975) (each class member must file a separate administrative claim).

An order in accordance with the foregoing shall be issued of even date herewith.

---

**2.** Defendant's motion sought, in the alternative, to limit the *ad damnum* clause of plaintiff's complaint to $100,000, the amount of the parents' administrative claim. The Court need not reach this issue because of its determination that this case must be dismissed because plaintiff cannot rely upon the parents' claim. However, if this suit were not dismissed, limiting the *ad damnum* clause would clearly be appropriate. 28 U.S.C. § 2675.