Ricardo Martinez **HILBURN** and Carolyn Denise Hilburn, Individually, as Special Administrator of the Estate of Denesha Rashun Hilburn, and as Prochein Ami of Quintin Hilburn, a Minor, Plaintiffs,

v.

**UNITED STATES** of America, Does 1–20, Doe Partnerships 1–10, Doe Corporations 1–10, Doe Entities 1–10, and Doe Governmental Entities 1–10, Defendants.

Civ. No. 90–00793HMF.

United States District Court,
D.Hawaii.

April 8, 1992.

---

AMENDED ORDER DENYING MOTION
TO DISMISS PARTY PLAINTIFFS
AND RICARDO HILBURN AND
GRANTING MOTION TO DISMISS
DOE DEFENDANTS

FONG, District Judge.

## BACKGROUND

This medical malpractice action seeks damages for the wrongful death of Denesha Rashun Hilburn ("Denesha"), who died on January 18, 1989. Plaintiffs allege that Denesha's death was caused by the negligent conduct of both Tripler Army Medical Center and David Grant Medical Center in failing to diagnose Denesha's heart condition and, later, in failing to properly monitor her condition.

## I. ADMINISTRATIVE HISTORY

On October 30, 1989, the parents of Denesha, Ricardo and Carolyn Hilburn, filed a claim on behalf of themselves individually for one million dollars ($1,000,000) with the United States Army Claims Service and the United States Air Force Claims Service, as required by federal statute and regulation. *See* 28 U.S.C. § 2675(a); 28 C.F.R. § 14.1 *et seq.* The administrative claim filed by Ricardo and Carolyn Hilburn did not specifically reference the Estate of Denesha Hilburn or Quintin Hilburn.

On November 1, 1989, Donald C. Machado, a claims attorney for the United States, acknowledged receipt "of the claim of Ricardo M. Hilburn and Carolyn D. Hilburn *and on behalf of a minor*, Denesha Hilburn, in the amount of $1,000,000 ..." (emphasis added). However, in his letter to the claimants, Machado indicated that two signatures had not been provided:

> [S]ince a claim was filed on behalf of a minor proof of authority should accompany the signature of the legal representative ... It is also noted that Mr. Ricardo M. Hilburn is listed as a claimant but did not sign the claims form.

Plaintiff Ricardo Hilburn alleges that he resubmitted a signed claim form in January

Richard K. Quinn, Rodney W. Williams, Timothy I. Mac Master, Honolulu, Hawaii, for plaintiffs.

Daniel Bent, U.S. Atty., Beverly A. Wee, Asst. U.S. Atty., Honolulu, Hawaii, for defendants.

of 1990, however, the government denies receipt of any such form until May of 1991. Carolyn Hilburn was appointed Special Administrator of Denesha's Estate on June 18, 1990, notification of which was mailed to Machado on June 18, 1990.

On June 13, 1990, Helen M. Stewart, an attorney for defendant United States, met with the Hilburn family and their attorney to evaluate the possibility of settling the claim. The parties, however, could not reach a settlement. Finally, on November 8, 1990, Ricardo M. Hilburn, Carolyn Hilburn, the Estate of Denesha Hilburn (the "Estate"), and Quintin Hilburn ("Quintin") filed a civil complaint against defendant United States.[1]

## II. PROCEDURAL HISTORY

On February 22, 1991, the government moved to dismiss as party plaintiffs the Estate of Denesha Hilburn and Quintin Hilburn and all Doe defendants. In support of its motion, the government argued that the above referenced party plaintiffs had failed to file separate administrative claims thereby precluding the court from asserting subject matter jurisdiction over the claims. On March 11, 1991, more than two years after Denesha's death, plaintiffs submitted an amended administrative claim for Quintin Hilburn in the amount of two million dollars ($2,000,000) and for the Estate of Denesha Hilburn in the amount of one million dollars ($1,000,000). On June 12, 1991, plaintiffs filed a memorandum in opposition to the motion, in which plaintiffs did not dispute dismissal of Doe defendants. On June 21, 1991, the government filed a reply memorandum.

On May 28, 1991, the government moved to dismiss plaintiff Ricardo Hilburn, arguing that he had failed to sign or "execute" the claim form within the statutory period. Plaintiff Ricardo Hilburn allegedly sent an executed claim form in January of 1990,

however, the government denies receipt of such form until May of 1991, when it was "re-submitted." On June 12, 1991, plaintiffs filed a memorandum in opposition to the motion. On June 21, 1991, the government filed a reply memorandum.

The central question before the court on both motions is whether the original defects in the November 8, 1989 claim preclude the court from asserting subject matter jurisdiction over the "newly-added" party plaintiffs and plaintiff Ricardo Hilburn.[2]

## DISCUSSION

### I. QUINTIN HILBURN

■ The court has subject matter jurisdiction solely over those claims that have been administratively exhausted. *See* 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.1 *et seq.* Section 2675(a) provides, in relevant part:

An action shall not be instituted upon a claim against the United States for money damages or injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing ...

Section 14.2 of Part 28, Code of Federal Regulations details the manner in which such administrative claims must be presented.

(a) For purposes of the provisions of 28 U.S.C. § 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accom-

---

1. As of November 8, 1991, more than six months had elapsed since the original claim was filed. Because the United States had not finally disposed of the claim within this statutory period, plaintiffs filed suit pursuant to 28 U.S.C. section 2675. The original claim was eventually denied on January 17, 1991, in a letter sent by

Harvey A. Hotchkiss of the Office of the Judge Advocate General.

2. Although the government filed two separate motions to dismiss, both motions are decided by this Amended Order.

panied by a claim for money damages in a sum certain for injury to or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

Although these procedures are technical in nature, the court recognizes the important role such procedures play in facilitating administrative settlements. Unless a government agency has adequate notice of a claim *prior* to the filing of a civil action, the agency has no opportunity to settle the claim at the administrative stage.

Stressing the value of the administrative process as an effective, alternative method of dispute resolution, the Court of Appeals for the Ninth Circuit rejected a spouse's claim for loss of consortium in *Johnson v. United States*, 704 F.2d 1431 (9th Cir.1983). In *Johnson*, a serviceman and his wife filed a civil action arising from his injuries in an automobile accident where only the serviceman had ever filed an administrative claim. The appellate court affirmed the district court's dismissal of the wife's claim for loss of consortium because she had failed to exhaust FTCA procedures by filing an administrative claim. The appellate court concluded that:

> [A]lthough Clara Johnson was identified on the claim as Freddie's spouse, there was no mention of a claim for loss of consortium. In addition, she did not sign the form as a claimant. The primary goal of the FTCA is to facilitate satisfactory administrative settlements. Clara Johnson's failure to file a claim for loss

of consortium precluded the possibility of any such settlement. *See, e.g., Heaton v. United States*, 383 F.Supp. 589, 591 (S.D.N.Y.1974) (mere appearance of claimant's wife's name on SF–95 form "could not have put the government on notice that she was claiming loss of consortium and services").

704 F.2d at 1442 (footnote omitted). Nevertheless, in a footnote, the appellate court indicated that the technical requirements of the FTCA should be waived in cases involving minor children.[3]

■ This suggestion is justified where the government has actual notice of the nature and the amount of a minor child's claim, or where such claim does not alter the nature and the amount of the original claim.[4] The district courts that have considered the issue have uniformly decided that minor children are not barred from civil suit because of technical defects in the underlying administrative claim. *See Marricone v. United States*, 697 F.Supp. 874 (E.D.Pa.1988) (noting that consistent line of cases have liberally applied section 2675(a) when rights of minors are involved); *Schuler v. United States*, 675 F.Supp. 1088 (W.D.Mich.) (allowing decedent's children to recover damages under FTCA even though children had not filed individual administrative claims), *rev'd on other grounds*, 868 F.2d 195 (6th Cir.1989); *Young v. United States*, 372 F.Supp. 736 (S.D.Ga.1974) (holding that failure to file separate administrative claims for minor children did not deprive court of subject matter jurisdiction where no prejudice to government results); *Locke v. United States*, 351 F.Supp. 185 (D.Haw.1972) (allowing children's claims under FTCA to go

---

**3.** 704 F.2d at 1442 n. 7. In that footnote, the court distinguished the facts of *Johnson* from cases in which minor children had failed to file administrative claims. *See Locke v. United States*, 351 F.Supp. 185 (D.Haw.1972). The court explained that the plaintiff's case was distinct from cases in which courts had waived administrative requirements for "minor children who could obviously not be held accountable for their failure." 704 F.2d at 1442 n. 7. As such, the *Johnson* court did not expressly accept or reject the reasoning of those cases. In its memorandum in support of the motion, the government contends that *Locke* is no longer

good precedent given *Johnson*. This contention is without merit because the court in *Johnson* was careful to distinguish *Locke* from the facts presented before it.

**4.** In their moving papers, both parties argue as though the Estate of Denesha Hilburn was a "minor child." However, the rationale for waiving the technical requirements of the FTCA for a child does not extend to the child's estate. A judgment in favor of a decedent's estate does not benefit the decedent but rather the beneficiaries of the estate.

342

forward notwithstanding failure to comply with administrative requirements).

In *Locke,* a case decided by this district, a decedent's husband brought suit on his own behalf, as executor of the decedent's estate, and as next friend of his three minor daughters. The plaintiff, James Locke, had previously filed an administrative claim seeking $250,000 in damages. In refusing to dismiss the claims of the minor daughters, the district court explained that there was a judicial unwillingness to stand on technicalities once "a claim" had been filed, especially where the right of children are involved. 351 F.Supp. at 187. Drawing from the case law cited above, this court finds that a minor child should not be denied the right to participate in a civil suit under FTCA when (1) an administrative claim had been filed by the child's legal representative or guardian and (2) such participation does not alter the nature or the amount of the administrative claim.[5]

In the instant case, the underlying purpose of the administrative claim process has been fully realized because the government did, in fact, receive adequate notice of a claim for wrongful death. *See Johnson; see also Avila v. I.N.S.,* 731 F.2d 616 (9th Cir.1984) (jurisdictional claim is presented "when the minimal requirements of (1) a written statement sufficiently describing the injury to enable the agency to being its own investigation and (2) a sum certain damages claim are met"); *Avery v. United States,* 680 F.2d 608 (9th Cir.1982) (holding that skeletal notice of nature of claim and amount of claim is sufficient to invest court with subject matter jurisdiction). Except for the discrepancy in the amount claimed,

there is no reason to believe that the government's ability to investigate or its posture toward settlement or preparation of a defense would have been different had the original administrative claim filed by Carolyn and Ricardo Hilburn (albeit without his signature) referenced party plaintiffs as potential beneficiaries of any wrongful death recovery.

In fact, although the government has moved to dismiss Quintin as a party plaintiff, it does *not* argue that the mere inclusion of Quintin as a party plaintiff will prejudice defendant. Instead, the government's objection is based solely upon the fact that Quintin's claim would increase the government's potential liability by an additional two million dollars ($2,000,000). It is, therefore, necessary to articulate the limitations of this court's denial of defendant's motion to dismiss Quintin as a party plaintiff. The court cannot reconcile the primary goal of the FTCA, as articulated in *Johnson,* with a holding that excepts minor children from any and all obligation to fulfill the administrative requirements imposed by the FTCA, especially the "sum certain" requirement under 28 U.S.C. 2675(b). Section 2675(b) states that suit:

shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.[6]

5. In the cases cited above, the courts excused a decedent's minor children from an obligation to file separate administrative claims. The court finds it immaterial that Quintin is the sibling rather than the child of the decedent in this case. The need to protect the rights of minor children transcends any particular familial relationship that might exist. The court does not address the untimely argument in the government's reply memorandum that Quintin is precluded, under Hawaii law, from asserting a wrongful death claim.

6. In their moving papers, plaintiffs have never suggested that Quintin's claim two million dollars ($2,000,000) is the result of newly discover-

ed evidence. In fact, such a suggestion would undermine plaintiffs' contention that the government had been aware of the claim. In any case, the court refuses to create another exception to the "sum certain" requirement in section 2675(b) for minor children.

The court, however, notes that during the July 1, 1991 hearing on the motions to dismiss, plaintiffs asserted that Ricardo and Carolyn Hilburn were undergoing "continuing psychiatric care" as a result of Denesha's death. Whether such treatment constitutes "newly discovered evidence" is not within the scope of this Amended Order.

*See also Davis v. Marsh*, 807 F.2d 908 (11th Cir.1987) (holding that the lower court erred in allowing inclusion of children omitted from administrative claim to affect original amount claimed); *see also Avila*, 731 F.2d 616 (9th Cir.1984) (holding that sum certain in administrative claim is essential to court's jurisdiction over civil claim).

The district courts that have declined to strictly apply the procedural requirements of the FTCA to minor children have stressed the certainty of the original claim amount. For example, the court in *Locke* stressed the importance of the administrative process in furthering the settlement of claims. The district court found that its ruling would not obstruct this process because the government had actual notice of the nature and the amount of the claim and that such notice was sufficient to form the basis for settlement. *See also Marricone*, 697 F.Supp. at 877 ("the addition of the two children has no impact whatsoever on the damages exposure of the government in the wrongful death action"); *Young*, 372 F.Supp. at 740 (holding that inclusion of children in civil action would not prejudice government because total amount of claim remained constant under state law). In these cases, the claims of the minor children in the civil action did not alter the nature and the amount of the administrative claim.[7]

■ In the instant case, the "sum certain" of the original administrative claim was one million dollars ($1,000,000). Until plaintiffs submitted an amended administrative claim on March 11, 1991, after the statute of limitations had already run and after a civil complaint had already been filed, the government had not been aware that Quintin Hilburn claimed *additional* damages totalling two million dollars ($2,000,000).[8] The addition of this claim increases the government's exposure to damages by three-fold. For the purpose of settlement, such an increase may have affected, in fact, the government's analysis and handling of the claim, notwithstanding strategic denials of legal liability. *See* Declaration of Helen Stewart, June 19, 1991. To allow Quintin to claim two million dollars ($2,000,000) in damages would undermine the primary goal of the FTCA—to facilitate administrative settlement prior to the commencement of a civil action. *See also Erxleben v. United States*, 668 F.2d 268 (7th Cir.1981) (holding that section 2675(b) does not bar claim itself but only damages in excess of amount claimed in administrative action).

Accordingly, with the caveat that the claims of all plaintiffs including Ricardo and Carolyn Hilburn, the Estate of Denesha Hilburn, and Quintin Hilburn, a minor, are limited to the sum of one million dollars ($1,000,000), the sum certain provided in the original administrative claim, defendant's motion to dismiss Quintin Hilburn as a party plaintiff is DENIED.

## II. PLAINTIFF RICARDO HILBURN

■ In its motion to dismiss plaintiff Ricardo Hilburn, the government asserts that Ricardo did not file an executed claim within the statutory period following the death of Denesha. Because 28 C.F.R. section 14.2 requires that a claimant provide an executed claim, the government argues that Ricardo Hilburn's failure to sign the claim form deprives the court of jurisdiction to entertain his claims.

In *Warren v. United States Department of Interior*, 724 F.2d 776 (9th Cir.1984), the

---

7. The court recognizes that in Hawaii the number of claims by minor children may affect that amount of damages that are actually recovered at trial. *Cf. Marricone*, 697 F.Supp. at 877–78 (applying Kentucky statute that calculates damages by loss to decedent's estate). Nevertheless, so long as the amount certain is limited to one million dollars ($1,000,000), the court finds that any prejudice that the government suffers as a result of Quintin's participation in this civil action is *de minimis*. *See Locke.*

8. Plaintiffs allege that the government was aware of the claim of Quintin Hilburn. This allegation, however, is insufficient for the purpose of establishing that the government ever suspected that his claim exceeded the one million dollar ($1,000,000) sum listed on the original form.

court of appeals described the scope of the jurisdictional requirements under the FTCA. In *Warren,* the lower court dismissed the complaint because plaintiffs' attorney had not presented sufficient documentation of his representative authority to constitute an executed claim as required by 28 C.F.R. section 14.3(e). In reversing the dismissal, the appellate court held that a claimant does not have to comply with the authentication requirement of section 14.3(e) where the jurisdictional requirement of minimal notice is otherwise satisfied. The appellate court explained that the FTCA was "designed to divert all claims to the agencies first to provide claimants who desired settlement the opportunity for it at minimum expense." 724 F.2d at 779 n. 6.[9]

The holding in *Warren* compels this court to deny the motion to dismiss plaintiff Ricardo Hilburn. There is no legitimate distinction between an unauthenticated signature on a claim form (*Warren*) and an unsigned claim form, which is, by definition, unauthenticated (the instant case). Moreover, applying the reasoning of *Warren,* Ricardo Hilburn's failure to authenticate his administrative claim does not preclude his participation in this civil action because the jurisdictional requirement of minimal notice was satisfied. This requirement is meant to provide the government with sufficient notice to begin an investigation of the claim. There is no question that the government had minimal notice of plaintiff Ricardo Hilburn's claim. On November 1, 1989, Machado acknowledged receipt of his claim along with that of Caro-

lyn Hilburn. Although Machado noted that Ricardo Hilburn had not signed the claim form, the government proceeded to investigate the claim. In fact, on June 13, 1990, Stewart met with Ricardo Hilburn and Carolyn Hilburn to discuss settlement possibilities. The government fully engaged Ricardo Hilburn in the administrative claims process yet now contends its conduct is irrelevant for jurisdictional purposes because Ricardo Hilburn failed to file an executed claim. As the court concluded in *Warren,* "[t]he agency's actions are persuasive evidence that the jurisdictional requirement of minimal notice was satisfied." 724 F.2d at 779; *see also Johnson,* 704 F.2d at 1442 (defining purpose of minimal notice requirement); *Avery,* 680 F.2d at 610 (listing elements of minimal notice).

In denying the motion to dismiss, this court does not hold that claimants have no obligation to execute or authenticate claims submitted to an administrative agency. Rather, the adequacy of authentication is one element in determining whether the government had minimal notice of the administrative claim. As the government correctly observes, the authentication of administrative claims serves an important function—the government takes the statements in said claims seriously. In this case, however, there is every indication that the government, in fact, took Ricardo Hilburn's claim seriously.

Although the government's conduct is not dispositive on the issue of whether *Ricardo Hilburn* provided minimal notice, a

---

**9.** The court recognizes that since *Warren* 28 C.F.R. section 14.2 has been amended to specifically reference 28 U.S.C. section 2675. *See Warren,* 724 F.2d at 778 n. 5 (noting fact that section 14.2 does not reference section 2675 provides further evidence that section 14.3(e) is not jurisdictional requirement). However, such amendment does not disturb the essential holding of *Warren* that the Attorney General has no statutory authority to promulgate jurisdictional regulations under section 2675. As the *Warren* court explained:

We find the relevant statutes and their legislative histories reveal that Congress did not intend to treat regulations promulgated pursuant to section 2672 as jurisdictional prerequisites under section 2675(a).... The regulations in question [sections 14.2–14.3] were

promulgated by the Attorney General pursuant to this authority [section 2672]. Nothing in this language suggests that these regulations are to be applied jurisdictionally under section 2675(a). If Congress intended to authorize the promulgation of jurisdictional regulations, it would have created that authority directly. Congress has never delegated such authority under section 2675(a).

724 F.2d at 778. The amendment to section 14.2 does not somehow cure the Attorney General's lack of statutory authority to promulgate jurisdictional regulations under section 2675. Therefore, Ricardo Hilburn's failure to sign the claim form does not deprive this court of jurisdiction because the court is persuaded that the government had minimal notice of his claim.

simple reading of the original claim form makes evident the fact that minimal notice had been provided. Both Ricardo Hilburn and Carolyn Hilburn are listed as claimants on the same form which was submitted to the administrative agency. The claim form describes the basis for the claim and the nature of the injury, and provides a sum certain in the amount of one million dollars ($1,000,000). Although the form was signed only by Carolyn Hilburn, it was self-evident that both of Denesha's parents were filing a claim for her wrongful death.[10] Indeed, Machado understood the nature of the claim when he acknowledged receipt. Even though Ricardo Hilburn did not authenticate the claim until after the statutory period had run,[11] the court finds that the unambiguous information on the claim form in combination with Carolyn Hilburn's signature, and the government's conduct provide sufficient evidence that the government had minimal notice.

Accordingly, the government's motion to dismiss plaintiff Ricardo Hilburn is DENIED.

### III. ESTATE OF DENESHA HILBURN

For the reasons applicable to Ricardo Hilburn, the court finds that the government also had minimal or sufficient notice of the Estate's claim to begin an investigation. The court is persuaded that the government had formal and actual notice of the Estate's claim, even though Carolyn Hilburn did not separately sign the claim form on behalf of the Estate. In his November 1, 1989 letter to claimants, Machado, an agent of the United States, clearly acknowledged the Estate's claim. Machado merely requested proof of authority

for the legal representative of the Estate. Such proof *was* subsequently provided on June 18, 1990. Machado never requested that Carolyn Hilburn provide another signature on behalf of the Estate.[12] The court does not accept the government's remarkable assertion that it was unaware of the Estate's claim in this wrongful death action.

Accordingly, the motion to dismiss the Estate of Denesha Hilburn as a party plaintiff is DENIED. The claims of all plaintiffs including Ricardo and Carolyn Hilburn, the Estate of Denesha Hilburn, and Quintin Hilburn, a minor, are limited to the sum of one million dollars ($1,000,000), the sum certain provided in the original administrative claim. The motion to dismiss Doe defendants, which plaintiffs have not opposed, is GRANTED.

IT IS SO ORDERED.

---

**10.** The cases relied upon by defendant in its memorandum in support of the motion are distinguishable. *Bialowas v. United States,* 443 F.2d 1047 (3d Cir.1971) (government did not begin to investigate claim that had neither been signed nor dated by any claimant); *Ryan v. United States,* 457 F.Supp. 400 (W.D.Pa.1978) (plaintiff-wife's claim for loss of consortium not obvious from husband's executed claim for injury); *Heaton v. United States,* 383 F.Supp. 589 (S.D.N.Y.1974) (government was not on notice that plaintiff-wife was claiming loss of consortium arising from husband's executed claim).

**11.** Although plaintiff Ricardo Hilburn contends that he sent an authenticated claim form to the government in January 1990, he has introduced no evidence that such authentication was ever received by the government, which denies receipt.

**12.** As an alternative ground for denying defendant's motion to dismiss the Estate as a party plaintiff, the court holds that the June 18, 1990 verification of authority served to amend the original claim so as to include a claim on behalf of the Estate.