**Kathleen OWEN, as Administratrix of the ESTATE OF Joseph O'DONNELL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civil Action No. 03–4645.

United States District Court, E.D. Pennsylvania.

March 9, 2004.

---

Andrew D. Swain, Messa & Associates, PC, Philadelphia, PA, for Plaintiff.

Joel M. Sweet, Cedric D. Bullock, U.S. Attorney's Office, Philadelphia, PA, for Defendant.

### ORDER AND MEMORANDUM

DuBOIS, District Judge.

### ORDER

**AND NOW,** this 9th day of March, 2004, upon consideration of the Government's Motion to Dismiss (Document No. 9, filed November 20, 2003), Plaintiff's Opposition to Defendant's Motion to Dismiss (Document No. 10, filed December 5, 2003), Defendant's Response to Plaintiff's Reply Memorandum (Document No. 13, filed December 24, 2003), Plaintiff's Supplemental Reply Memorandum of Law in Opposition to Defendant's Response to Plaintiff's Reply Memorandum (Document No. 15, filed February 9, 2004), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** as follows:

1. That part of defendant's Motion to Dismiss asserting the defense of lack of jurisdiction under Fed.R.Civ.P. 12(b)(1) is **DENIED;** and,

2. That part of defendant's Motion to Dismiss asserting the defense of failure to state a claim under Fed.R.Civ.P. 12(b)(6) is **GRANTED IN PART** and **DENIED IN PART.** The Motion is **GRANTED** with respect to the separate negligence claim asserted in Count III of plaintiff's Complaint, and Count III is **DISMISSED.** The Motion is **DENIED** with respect to the Wrongful Death Act and Survival Act claims asserted in Counts I and II of plaintiff's Complaint.

**IT IS FURTHER ORDERED** that, because plaintiff's claim is based on the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 ("FTCA"), plaintiff is only entitled to a non-jury trial, 28 U.S.C. § 2402, and plaintiff's demand for a jury trial is **STRICKEN.**

### MEMORANDUM

### I. FACTS

This suit arises from the death of plaintiff Kathleen Owen's ("plaintiff") brother, Joseph O'Donnell ("decedent"), on September 1, 2001, allegedly as a result of negligent treatment by government physicians at the Department of Veterans Affairs Medical Center located in Philadelphia, Pennsylvania.

On November 5, 2001, plaintiff's and decedent's sister, Patricia O'Donnell ("Ms.O'Donnell"), instituted a claim under the FTCA, 28 U.S.C. §§ 2671–2680, for personal injury and wrongful death by filing Standard Form 95 ("SF 95") with the Department of Veterans Affairs. The form listed Ms. O'Donnell as the claimant and attorney Joseph L. Messa, Jr. as counsel for the claimant. The SF 95 demanded a sum certain of $3,000,000.00 for the personal injury claim and $3,000,000.00 for the wrongful death claim.

Thereafter, on January 24, 2002, plaintiff was appointed Administratrix of decedent's Estate. Plaintiff alleges that, at the time the SF 95 was filed, the decedent's family intended to have Ms. O'Donnell appointed as Administratrix but later decided that plaintiff should be appointed in her stead. Although the SF 95 was never formally amended to reflect plaintiff's appointment, on October 14, 2002, Mr. Messa forwarded Letters of Administration to the government identifying plaintiff as Administratrix. Plaintiff argues that the Letters of Administration amended the SF 95, thereby substituting plaintiff for Ms. O'Donnell as the claimant.

Defendant denied the claim in May 2003. Thereafter, plaintiff filed the instant action on August 11, 2003, asserting claims under Pennsylvania Wrongful Death Act, 42 Pa. C.S. § 8301 *et seq.*, and the Survival Act, 42 Pa.C.S. § 8302. Both claims are based

on allegations that decedent's death was caused by medical negligence. The Complaint also includes a separate claim for negligence based upon the same allegations.

Defendant filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction under Fed.R.Civ.P.12(b)(1) and for failure to state a claim upon which relief can be granted under Fed.R.Civ.P.12(b)(6). The 12(b)(1) Motion is based on the argument that, because plaintiff did not file a new or amended SF 95 naming herself as claimant, plaintiff failed to exhaust administrative remedies under the FTCA and the Court therefore lacks subject matter jurisdiction. The Rule 12(b)(6) Motion is based on the argument that the statute of limitations bars any claim that plaintiff might attempt to assert in the future after exhausting administrative remedies.

## II. STANDARD

The standards governing Rule 12(b)(6) and (b)(1) motions for lack of subject matter jurisdiction are as follows:

> In a Rule 12(b)(6) motion, the court evaluates the merits of the claims by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs, and determining whether they state a claim as a matter of law. The defendant bears the burden of showing no claim has been stated. In contrast, in a factual attack under Rule (12)(b)(1), the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction. The plaintiff has the burden of persuasion to convince the court it has jurisdiction. A claim may be dismissed under Rule 12(b)(1) only if it clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.

*Gould Elec., Inc. v. United States*, 220 F.3d 169, 178 (3d Cir.2000)(internal citations and quotations omitted). Thus, the Court will consider both the Complaint and the evidence presented by the parties in deciding the 12(b)(1) motion. Only the Complaint will be considered in deciding the Rule 12(b)(6) motion.

## III. MOTION TO DISMISS

### A. Rule 12(b)(1) Motion: Lack of Jurisdiction

 The requirement that an FTCA claimant exhaust his administrative remedies prior to filing suit is jurisdictional. 28 U.S.C. § 2675(a) provides in relevant part: "An action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." A claim is "presented" under the FTCA when the agency receives notification of the claim from the claimant, his agent, or legal representative along with a claim for damages in a sum certain. *See, e.g., Champagne v. United States*, 573 F.Supp. 488, 491 (E.D.La.1983).

Pursuant to 28 U.S.C. § 2672, which authorizes administrative agencies to settle claims presented to them, the Department of Justice promulgated a regulation, 28 C.F.R. § 14.2, setting forth procedures for presenting claims. 28 C.F.R. § 14.2 provides:

> (a) For purposes of the provisions of 28 U.S.C. §§ 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or death alleged to

have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

█ Contrary to defendant's assertions, courts have not deemed compliance with 28 C.F.R. § 14.2 to be jurisdictional. *See Champagne*, 573 F.Supp. at 491; *Leaty v. United States*, 748 F.Supp. 268, 271–72 (D.N.J.1990) (holding that "Congress did not intend to confer the power to redefine the jurisdiction of the federal courts on the very administrative agencies who were to be brought before them as defendants.") Instead, courts have evaluated the sufficiency of administrative notice with a focus on the underlying goals of 28 U.S.C. § 2675(a) to "provide a procedure under which the government may investigate, evaluate and consider settlement of a claim." *Id.* (*citing Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir.1983)). Thus, as long as the claim and other documentation submitted to the governmental agency provides sufficient notice to enable investigation and settlement, courts have found a technically deficient SF 95 sufficient to confer jurisdiction upon the court. *See, e.g., Transco Leasing Corp. v. United States*, 896 F.2d 1435, 1442 (5th Cir.1990) (holding that noncompliance with C.F.R. §§ 14.1–14.11 does not jurisdictionally bar claims); *Hilburn v. United States*, 789 F.Supp. 338, 343 (D.Haw.1992) (holding that minimal notice of claim meets the requirements of 28 U.S.C. § 2675(a) despite technical deficiencies in SF 95); *Champagne v. United States*, 573 F.Supp. 488, 491 (E.D.La.1983)("technical and procedural requirements of the regulations are not always strictly enforced.")

The government argues that it did not have minimum notice of plaintiff's claim on behalf of the Estate because (1) Ms. O'Donnell filed the SF 95 on her own behalf and not on behalf of the Estate and (2) because plaintiff never filed a new or amended SF 95 naming herself as the claimant on behalf of the Estate.

█ The Court rejects both of these arguments as a basis for dismissing the Complaint. First, the Court finds that Ms. O'Donnell filed the SF 95 as a representative of decedent's Estate, albeit without being formally appointed. This conclusion is based on the fact that Ms. O'Donnell's only right of recovery arising out of her brother's death was as the personal representative of his Estate. See 42 Pa.C.S. § 8301 (limiting the right of recovery in a wrongful death action to the parents, spouse, children or legal representative of the deceased); *Myers v. Estate of Wilks*, 440 Pa.Super. 176, 655 A.2d 176 (1995) (holding that a survival action can only be brought by a personal representative against a decedent). The SF 95 is clear on its face that Ms. O'Donnell asserted both a personal injury claim, which formed the basis of the survival action, and a wrongful death claim. Because Ms. O'Donnell only had a right to assert these claims as a personal representative of decedent, it is not credible for the government to now argue that Ms. O'Donnell asserted either of those claims on her own behalf.

Moreover, the government's argument is undermined by its conduct during the course of negotiations with Ms. O'Donnell. These actions include, *inter alia*, requesting information regarding the decedent's beneficiaries, engaging in settlement discussions related to the damages of the decedent's beneficiaries, and offering to settle the claims of all beneficiaries for the sum of $100,000. Given that Ms. O'Donnell had no legal grounds for an individual claim, the government's conduct makes sense only if it viewed the SF 95 as a claim under the Wrongful Death and Survival

Acts. The Court is persuaded that Ms. O'Donnell submitted claims under those statutes and that the government considered the claims as such. *See, e.g., Hilburn v. United States,* 789 F.Supp. 338, 344 (D.Haw.1992) (holding that the government's conduct during the course of negotiation is "persuasive evidence that the jurisdictional requirement of minimal notice was satisfied.").

■ The Court also rejects the government's argument that because plaintiff never filed a new or amended SF 95, her claims arising out of decedent's death were never presented to the government. To the contrary, a technically deficient SF 95 can be deemed to constitute a valid claim sufficient to confer jurisdiction on a court in a FTCA action. *See, e.g., Leaty v. United States,* 748 F.Supp. 268, 271–72 (D.N.J.1990). The critical question for purposes of jurisdiction is whether the government received sufficient notice of the claim to facilitate investigation and settlement. *Id.*

■ The Court concludes that the government had such notice. First, after plaintiff was appointed Administratrix, she notified the government of the appointment through counsel by forwarding Letters of Administration and a letter from Mr. Messa, dated May 13, 2003, in which he stated that his "clients" filed the claim as representatives of decedent's estate. *See, e.g., Hilburn v. United States,* 789 F.Supp. 338, 344 (D.Haw.1992) (holding that actual notice by the government of a claim was a factor in determining sufficiency of notice under FTCA). Thus, the government had actual notice that plaintiff sought to pursue the claims as personal representative.

More importantly, the claims plaintiff is asserting in this action as Administratrix of decedent's Estate are identical to the claims set forth in the SF 95. Changing the legal representative of the Estate did not alter any factors affecting settlement, including valuation of the claim, investigation of the underlying events, the applicable law, or the identity of the beneficiaries. *See, e.g., Executive Jet v. United States,* 507 F.2d 508, 515 (6th Cir.1974) (holding that the identity of claims between claimant, who filed an SF 95, and claimant's insurance company as subrogee, was a key factor in permitting insurance company's claims to go forward despite company's failure to file a separate SF 95 or to be named in claimant's SF 95); *Champagne v. United States,* 573 F.Supp. 488, 491 (E.D.La.1983) (policy behind 28 U.S.C. § 2675(a) is served when the notice provided to the government enables negotiation and settlement). Thus, the Court concludes that the notice provided in this case, including the SF 95 and the Letters of Administration, were sufficient to enable investigation and settlement of the claims and to thereby confer jurisdiction on this Court.

The aforementioned facts distinguish this case from *Jackson v. United States,* 558 F.Supp. 14, 16 (D.D.C.1982), cited by the government. In *Jackson,* the court rejected the plaintiff's argument that her deceased husband's parent's SF 95 exhausted the claims she asserted on behalf of herself and her husband's estate. The court held that (1) the plaintiff's status and relationship to the decedent affected the value of her individual claim, requiring plaintiff to submit notice to the government independent of the parent's SF 95; and (2) the decedent's parents had never filed a claim on behalf of decedent's Estate that could serve to exhaust the plaintiff's claims on behalf of the Estate. The critical factor considered by the *Jackson* court, however, was the same as that applied in this case—whether the government had sufficient notice to enable investigation and settlement. While the court in *Jackson* ultimately concluded that the notice pro-

vided by the parent's claim was insufficient, applying the same standard to this case results in a different conclusion. In this case, substituting plaintiff for Ms. O'Donnell as legal representative had no effect on the investigation, valuation or settlement of the claims. The claims were, in essence, the same. Moreover, unlike the plaintiff in *Jackson*, plaintiff in this case provided actual notice to the government that she sought to pursue the claims filed by Ms. O'Donnell on behalf of the Estate. Based upon these factors, the Court concludes that the notice provided by plaintiff in this case was sufficient to enable the investigation and settlement and *Jackson* is not to the contrary.

A second case cited by the government, *Gland v. United States*, 2003 WL 23094911, at *2–3, 2003 U.S. Dist. LEXIS 23894, at *6–9 (E.D.Pa. Dec. 16, 2003) is also distinguishable. In *Gland*, the court determined that the government did not have constructive notice that the claimant filed claims both as a representative of her deceased husband's estate and "in her own right." *Gland* is distinguishable, however, because plaintiff there did not present evidence other then the claim form in an effort to establish that she notified the government of both claims. It is clear that a court may consider evidence beyond the claim form in determining whether a claimant has provided minimum notice under 28 U.S.C. § 2675(a), including, *inter alia*, the government's conduct during negotiation and other written notification provided by the claimant. *See, e.g., Hilburn v. United States*, 789 F.Supp. 338, 344 (D.Haw.1992) (considering conduct of government during negotiation); *Leaty v. United States*, 748 F.Supp. 268, 273 (D.N.J.1990) (considering notice provided in attorney letter of representation in combination with a defective SF 95 in holding notice adequate under 28 U.S.C. § 2675(a)). Such evidence was presented in this case. In considering that evidence—the documents provided to the government by plaintiff and Ms. O'Donnell and the government's conduct during negotiations—this Court is persuaded that the government had notice of all of plaintiff's claims on behalf of the decedent's Estate.

**B. Rule 12(b)(6) Motion: Failure to State a Claim Upon Which Relief Can be Granted**

The argument that plaintiff's complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) is based on defendant's position that, because the SF 95 was insufficient to assert claims under the Wrongful Death Act and the Survival Act, those claims are now barred by the applicable statute of limitations. For the reasons set forth in Part III(A) of this Order and Memorandum, the Court concludes that the SF 95 was timely filed and served as notice of plaintiff's claims under the Wrongful Death Act and the Survival Act. Thus, defendant's argument is rejected and the motion to dismiss on statute of limitations grounds is denied.

■ Plaintiff has also asserted a separate negligence claim. The negligence claim asserts the same acts of negligence as form the basis of plaintiff's Wrongful Death and Survival Act claims. A separate negligence action does not survive the death of a claimant. Thus, the separate negligence claim asserted in Count III of plaintiff's Complaint is dismissed.

**C. Demand for Jury Trial**

■ Plaintiff has demanded a jury trial in this case. Because the claims were filed against the United State under the FTCA, plaintiff is not entitled to a jury trial. *See* 28 U.S.C.S. § 2402. Thus, plaintiff's demand for a jury trial is stricken.

## IV. CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss for lack of subject matter jurisdiction under 12(b)(1) is denied and plaintiff's Motion to Dismiss for failure to state a claim upon which relief can be granted under 12(b)(6) is granted in part and denied in part as follows: the motion is denied as to Counts I and II, the Wrongful Death Act and the Survival Act claims, and granted as to Count III, the negligence claim. Plaintiff's demand for a jury trial is stricken.